KULP & GORDON, Inc.

v.

UNITED STATES of America.

No. 18806.

United States District Court
E. D. Pennsylvania.
June 8, 1955.

Paul F. Barnes of Shertz, Barnes & Sherta, Philadelphia, Pa., for plaintiff.

W. Wilson White, U. S. Atty., Philadelphia, Pa., James E. Kilday and E. Riggs McConnell, Sp. Assts. to Atty. Gen., H. Neil Garson, Atty., Interstate Commerce Commission, Washington, D. C., for defendant.

Before MARIS, Circuit Judge, and WELSH and CLARY, District Judges.

WELSH, District Judge.

The plaintiffs in this case were granted a certificate of public convenience on October 29, 1948 by the Interstate Commerce Commission for the purpose of transporting "structural steel and iron, equipment, supplies and materials, used or useful in the installation or erection of such commodities". The predecessor of petitioners had been operating under the above authority and had been transporting ingots, billets and bars continuously under it. A question arose between the parties as to whether the ingots and bars feature were covered by the authority.

The plaintiffs decided to have some formal expression of opinion on this question and petitioned the Interstate Commerce Commission to hold a proceeding for the purpose of clarifying the type of commodities which it could carry, taking the position that ingots, billets and scrap were included in the definition of structural steel. The plaintiffs asked for a plenary hearing, which was denied. However, the proceeding did culminate in an Order of the Commission holding that the plaintiffs operating authority was interpreted by the Commission not to include transportation of ingots, billets or bars.

Plaintiffs not being satisfied with this interpretation and the so-called Order filed a complaint to enjoin the Commission and requested a temporary restraining order. The temporary restraining order was granted. Subsequently, the United States of America and the Interstate Commerce Commission filed a motion to dismiss the complaint for the reason that the Court does not have jurisdiction of the subject matter because the Order of the Interstate Commerce Commission is merely an advisory interpretation and therefore is not an Order within the statutes conferring jurisdiction on this Court.

On April 20, 1955 an Order was made constituting a District Court of three judges to hear and determine the case.

■ The parties have submitted elaborate briefs and have fully argued the case orally. We are of the opinion that the question presents two very important features that we are desirous of seeing preserved. One is the continuation of the practice of carriers requesting the Commission for interpretation of the scope of the authority granted them. The advisability of preserving this practice was clearly shown. The field covered by the Commission on this phase of interpretation is so vast and the questions that arise due to misunderstanding, misconception, or divergent views are so numerous that to discourage a free exchange of views on the subject by the parties would, in our opinion, be detrimental to the public welfare. We are of the opinion that at this point in the proceedings the parties have proceeded no further than to formally express their views on the interpretation of the rights of the carriers and that no *Order* within the meaning of what legally constitutes an order has been made by the Commission and we have no authority to enjoin anything that the Commission has, as yet, done in the case. Future actions can be met as they arise.

■ There is another phase of the subject that we desire to keep inviolate and this is said without any criticism of what has happened up to date. Care must be taken by the Commission in giving interpretations to carriers upon request not to create a psychological condition of fear so that they will be influenced unduly to accept an interpretation that they honestly dispute. No interpretative Order can be used as a substitute for an Order made after a plenary hearing.

■ Another aspect of the case requires mention and that is as to whether or not a decision by this Court affirming the action of the Commission might act as res adjudicata in any proceeding hereinafter brought by the Commission under a cease and desist order or by a criminal prosecution. The entry of the order of dismissal by this Court will be entirely

without prejudice to the right of the carrier in any subsequent proceeding to advance the same contention that he has advanced in this Court as to his rights under the authority granted.

The Motion to Dismiss the Complaint is granted.