**ARROW TRUCKING CO., an Oklahoma Corporation, E. L. Powell & Sons Trucking Co., Inc., an Oklahoma Corporation, formerly E. L. Powell Trucking Company, a Partnership, Security Trucking Co., an Oklahoma Corporation, formerly known as John W. Presley, d/b/a Security Trucking Co., Van Stone, d/b/a Stone Trucking Company, The Squaw Transit Company, an Oklahoma Corporation, and C. & H. Transportation Company, Inc., a Texas Corporation, Plaintiffs,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants,**
and
**J. L. Cox & Son, Inc., Parkhill Truck Company, J. O. (Red) Willett Pipe Stringing Corporation, and Dunn Bros., Inc., Intervening Defendants.**

Civ. A. No. 4765.

United States District Court
N. D. Oklahoma.
March 14, 1960.

W. T. Brunson, Charles D. Dudley, Mart Brown and Rex H. Holden, Oklahoma City, Okl., for plaintiffs.

Robert A. Bicks, Acting Asst. Atty. Gen., James H. Durkin, Atty., Dept. of Justice, Washington, D. C., and Robert S. Rizley, U. S. Atty., N. D. Oklahoma, Tulsa, Okl., for defendant United States.

Robert W. Ginnane, Gen. Counsel, and James Y. Piper, Asst. Gen. Counsel, I. C. C., Washington, D. C., for defendant Interstate Commerce Commission.

Carll V. Kretsinger and Tom B. Kretsinger, Kansas City, Mo., for intervening defendants.

Before BREITENSTEIN, Circuit Judge, and RICE and SAVAGE, District Judges.

BREITENSTEIN, Circuit Judge.

The six plaintiffs, all certificated common carriers authorized by the Interstate Commerce Commission to perform "oilfield" transportation service, sue to set aside and enjoin the enforcement of a commission order limiting their authority to service to the natural gas and petroleum industry.[1] The report of the Commission is found at 78 M.C.C. 441 under the style C & H Transportation Company, Inc., Extension—Pipe. We have jurisdiction under 28 U.S.C. § 1336 and hearing by a three-judge district court is required by 28 U.S.C. § 2325.

In 1946 the Commission decided the Mercer case[2] involving 31 extension applications of "oilfield" carriers for authority to perform operations not clearly within the scope of outstanding certificates issued to them. The Commission decided upon a uniform commodity description to permit the applicants "to

---

1. Some of the certificates authorized the performance of other services with which we are not concerned.

2. See 74 M.C.C. 459.

provide a complete service to those in the [natural gas and petroleum] indus-try." [3] Such description read thus:

"* * * (1) machinery, equipment, materials, and supplies used in, or in connection with, the discovery, development, production, refining, manufacture, processing, storage, transmission, and distribution of natural gas and petroleum and their products and byproducts, and (2) machinery, materials, equipment, and supplies used in, or in connection with the construction, operation, repair, servicing, maintenance, and dismantling of pipelines, including the stringing and picking up thereof, except the stringing or picking up of pipe in connection with main pipelines." 74 M.C.C. 544.

New certificates containing this description were issued to the plaintiffs, who, in 1957, filed applications with the Commission for authority to transport "pipe, pipeline material, machinery, and equipment, incidental to and used in the construction, repairing, or dismantling of pipelines " [4] for the purpose of removing all doubt as to their right to handle commodities for industries other than the oil and gas industry. In the commission proceedings the plaintiffs contended that they had such authority under their certificates and that if they did not, public convenience and necessity required that they have such authority.

The Commission found that they did not have authority under their present certificates to perform the proposed operations and that they had failed to establish a need for the proposed services.[5]

The plaintiffs now attack the first of these findings, and insist that the so-called Mercer description, contained in their certificates, by its clause (2) gave them the right to perform the services there mentioned for all shippers and not solely for shippers in the oil and gas industry. They say that the description is clear, unambiguous, and not open to construction because clause (1) is limited specifically to services performed in connection with "natural gas and petroleum and their products and byproducts" while no such limitation is found in clause (2). From this premise they argue that the action of the Commission in limiting their certificates to services performed for the oil and gas industry is void because of noncompliance with the provisions of 49 U.S.C.A. § 312(a) requiring notice and hearing before the suspension, change or revocation of a certificate.

The issue presented is whether the commission action is a construction of the scope of a permit or a change or revocation of a permit. If it is in the first category the rule applies that the construction by the Commission of the scope of its permits will not be overturned by the courts unless clearly erroneous.[6]

The restrictive language of clause (1) indicates an intent to limit the authority to services performed by the oil and gas industry. The question is whether the generality of (2) defeats that intent. The Commission held that it was "war-

3. 74 M.C.C. 459, 542.

4. In some instances there were immaterial deviations from this language.

5. The Commission made these findings:
"We find that applicants are entitled, under their existing operating authorities which are substantially in accordance with part (2) of the so-called Mercer description, to transport machinery, materials, equipment, and supplies used in, or in connection with the construction, operation, repair, servicing, maintenance, and dismantling of pipelines, including the stringing, and picking up thereof, limited to pipelines used for the transmission of natural gas, petroleum, or their products and byproducts, subject to any other existing limitations or exceptions.
"We further find that applicants have failed to establish that the present or future public convenience and necessity require the proposed operations; and that the applications should be denied." See 78 M.C.C. 453.

6. Andrew G. Nelson, Inc. v. United States, 355 U.S. 554, 558, 78 S.Ct. 496, 2 L.Ed. 2d 484; Scott Truck Line, Inc. v. United States, D.C., 163 F.Supp. 118, 120.

ranted in looking behind the certificates issued to determine the scope of * * * authority." It then reviewed the Mercer case [7] and concluded that: "The Mercer case made no attempt to consider or describe operations for any purpose outside the oilfield and gas industry." [8]

■ With reference to the Mercer description the Commission held, and it is not here controverted, that the consistent administrative interpretation thereof has been that it was intended to apply strictly to the oil and gas industry and that it was not intended that carriers granted such authority would provide service to others not engaged in the oil and gas industry.[9] This settled administrative interpretation is entitled to great weight.[10] No cogent reasons appear here for rejecting such administrative interpretation.

■ We agree with the Commission that clause (2) of the Mercer description must be read with clause (1), is limited to the oil and gas industry, and does not cover the movement of any commodities except when incidental to and used in various phases of the natural gas and petroleum industry. Such holding of the Commission was an interpretation of the rights which the plaintiffs had under their certificates,[11] and was not arbitrary, capricious, or clearly erroneous.

As the action of the Commission was the interpretation of the scope of permits which it had granted, it is unnecessary to consider the claim that the procedure required by 49 U.S.C.A. § 312(a) relating to the suspension, change or revocation of a certificate was not followed. In passing it should be noted that these proceedings were instituted by the plaintiffs and that full hearing was granted. Reliance on Watson Bros. Transportation Co. v. United States, D.C., 132 F.Supp. 905, affirmed 350 U.S. 927, 76 S.Ct. 302, 100 L.Ed. 810, is misplaced. There it was held that the Commission having granted authority could not take it away without notice and hearing. Here the authority claimed was never granted. There cannot be a change or revocation of that which was not granted.

This opinion sufficiently states the findings of fact and conclusions of law of the court. The injunction is denied and the case dismissed.

7. Several of these plaintiffs were parties to the Mercer case.

8. In stating the reasons for, and the intent of, the description there approved, the report in Mercer said:
"It seems not only logical but necessary, in order to remove doubt and confusion on the part of motor carriers, shippers, contractors, and others in the natural gas and petroleum industry, to adopt a more uniform commodity description and description of the services authorized, which will be susceptible of easy interpretation by the carriers, shippers, or other interested parties, and enable the carriers to provide a complete service to those in the industry. The form of authority herein adopted is designed to bring about such result." 74 M.C.C. 542

9. 78 M.C.C. 447.

10. Federal Trade Commission v. Mandel Brothers, Inc., 359 U.S. 385, 391, 79 S.Ct. 818, 3 L.Ed.2d 893; United States v. American Trucking Associations, Inc., 310 U.S. 534, 549, 60 S.Ct. 1059, 84 L.Ed. 1345; United States v. Chicago North Shore & Milwaukee Railroad Co., 288 U.S. 1, 13, 53 S.Ct. 245, 77 L.Ed. 583.

11. Willers v. United States, D.C., 133 F. Supp. 270, 275; Malone Freight Lines, Inc. v. United States, D.C., 107 F.Supp. 946, 951, affirmed 344 U.S. 925, 73 S.Ct. 497, 97 L.Ed. 712.