**PARKHILL TRUCK COMPANY,**
Plaintiff,

v.

**UNITED STATES** of America and Interstate Commerce Commission,
Defendants,

**C & H Transportation Co., Inc., and
Johns-Manville Products Corporation,**
Intervening Defendants.

**Civ. A. No. 5197.**

United States District Court
N. D. Oklahoma.

Oct. 18, 1961.

Kretsinger & Kretsinger, Kansas City, Mo., and Doerner, Stuart, Moreland, Campbell & Saunders, Tulsa, Okl., for plaintiff.

Lee Loevinger, Asst. Atty. Gen., and John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., and Russell H. Smith, U. S. Atty., Tulsa, Okl., for defendant U. S.

Robert W. Ginnane, Gen. Counsel, and Francis A. Silver, Associate Gen. Counsel, Interstate Commerce Commission, Washington, D. C., for defendant Interstate Commerce Commission.

W. T. Brunson, Oklahoma City, Okl., for intervening defendants.

Before BREITENSTEIN, Circuit Judge, and RICE and SAVAGE, District Judges.

BREITENSTEIN, Circuit Judge.

Parkhill Truck Company sues to set aside and enjoin the enforcement of an order of the Interstate Commerce Commission granting a certificate of public convenience and necessity to C & H Transportation Co., Inc., for the transportation of asbestos-cement pipe and conduit by motor carrier over irregular routes from the plant of Johns-Manville Products Corporation, Denison, Texas, to points in 22 states. The report of the Commission which was entered in No. MC–83539, Sub 45–C & H Transportation Co., Inc., Extension—Denison, Texas—has not as yet been officially reported. C & H and Johns-Manville have intervened on the side of the defendants. We have jurisdiction under 28 U.S.C. § 1336 and a hearing by a three-judge district court is required by 28 U.S.C. § 2325.

Here is another incident in a long drawn out controversy over the scope of commodity descriptions in Commission certificates involving motor carrier transportation for the oil and gas industry. In the 1946 Mercer case [1] the Commission established a uniform commodity description covering oil field carriers. Certificates involving that commodity description were before this court in Arrow Trucking Co. v. United States, 181 F.Supp. 775. Therein, C & H, which held a certificate containing the Mercer description, was one of the plaintiffs and Parkhill, which has a certificate with a commodity description obtained prior to Mercer and differing in some respects therefrom, intervened on the side of the defendants. We held that the second clause of the Mercer description was limited to transportation for the oil and gas industry and did not cover the movement of any commodity except as incidental to and used in that industry.

The Johns-Manville pipe or conduit is used for many purposes having nothing to do with the oil industry, e. g., irrigation, sewerage, culverts, water systems, and cables. Recognizing the insufficiency of its certificate to cover the Johns-Manville products, C & H applied for a certificate which would permit it to provide the service needed by Johns-Manville. Parkhill objected on the ground that public convenience and necessity did not require the issuance of the requested certificate because Parkhill had authority under its certificate to transport the Johns-Manville products and had equipment adequate for such service.

The Parkhill lead certificate issued in No. MC–106497 [2] reads thus:

"Oil-field equipment and supplies, over irregular routes,

Between points and places [in 4 states]. *Pipe, pipe-line material,*

---

1. 74 M.C.C. 459.

2. Parkhill also holds a "pipe stringer" authority, issued in No. MC–106497 Sub 3 and limited to oil and gas pipe lines, and a "heavy hauler" authority issued in No. MC–106497 Sub 4. It is not claimed that either of these would authorize Parkhill to handle the Johns-Manville products.

**364**

*machinery, and equipment* incidental to and used in connection with the construction, repairing, or dismantling of pipe lines, over irregular routes,

Between points and places in [31 states]."

The record discloses that Parkhill had transported pipe for other than oil industry use and had for a short period transported the products from the Johns-Manville plant at Denison. This activity by Parkhill was known to the Commission as Parkhill, as early as 1957, had requested an informal ruling of the Director of the Bureau of Motor Carriers as to its right to transport pipe and incidental equipment without limitation to oil field use. The Director expressed the opinion, which is not binding on the Commission, that these commodities could be transported by Parkhill for other than oil field use. This informal opinion was reiterated by the Director of the Bureau of Motor Carriers in 1960.

The Commission held that the language in the Parkhill lead certificate is "essentially the same as the *Mercer* description"; that it warrants the Commission in "looking behind the certificate to determine the scope of the authority"; that the Parkhill lead certificate was acquired in proceedings involving "a unified service then being provided by Parkhill to the oilfield industry"; and that Parkhill lacked authority to meet the requirements of the Johns-Manville plant at Denison. The objections of others protesting the C & H application were overruled and the requested certificate was granted.

■ In the proceeding now before this court the defendants and the intervenors seek the dismissal of the case on the ground that the Commission determination of the scope of the Parkhill authority

is an advisory interpretation which does not constitute an order reviewable by the courts.[3] The point is not well taken. While the prayer for relief is lacking in specificity, it was understood at the time of the trial to this court that Parkhill attacked and sought to enjoin the order granting the certificate of public convenience and necessity to C & H on the ground that such order was premised on the erroneous finding that Parkhill was not authorized to perform the service in question.

■ Under the National Transportation Policy as declared by Congress[4] and as construed by the Supreme Court[5] the issuance of a certificate of public convenience and necessity requires determination by the Commission of the prejudice, if any, which will result therefrom to existing properly authorized carriers. Further, the adequacy of existing service is a proper item for consideration by the Commission in such a proceeding.

In disposing of the C & H application the Commission avoided consideration of these items by making what its counsel describe as an advisory determination that Parkhill was not authorized to perform the service in question. Commission counsel now urge that such determination is not reviewable by the courts. This does not conform with our ideas of fair treatment and due process. The Commission, at least on the level of its Bureau of Motor Carriers, knew that Parkhill was operating under the second clause of its lead certificate to transport pipe and incidental materials for other than oil field use and yet the Commission brought no cease and desist proceedings. Instead it propagates an advisory interpretation in the C & H proceedings for which it seeks to avoid responsibility on appeal.

■ If the Commission had considered the Parkhill objection on the basis

---

3. 28 U.S.C. §§ 1336, 2321, 2325, and 49 U.S.C.A. § 305(g) refer to court review of orders of the Commission. See Kulp & Gordon, Inc. v. United States, D.C., 144 F.Supp. 456.

4. 54 Stat. 899 (1940), 49 U.S.C.A. preceding § 1.

5. Schaffer Transp. Co. v. United States, 355 U.S. 83, 90, 78 S.Ct. 173, 2 L.Ed.2d 117; I. C. C. v. Parker, 326 U.S. 60, 70, 65 S.Ct. 1490, 89 L.Ed. 2051.

that it was authorized to perform the service, it might have concluded that the public convenience and necessity required the issuance of the certificate to C & H but this possibility is beside the point. The situation here is that the objecting carrier has, under claim of right, performed the services sought to be covered by the application. Notwithstanding that such claim and performance were known to the supervising bureau of the Commission, no corrective action has been taken against the objector. The scope of the Parkhill authority can be determined effectively only in plenary proceedings which result in an appealable order. These may take the form of a cease and desist action brought by the Commission or an appropriate application by Parkhill for an interpretation of the scope of the commodity description in its certificate.[6] When, as here, services have been performed by a carrier under claim of right, with knowledge of the Commission, and without adverse action by the Commission, an objection by that carrier to the issuance of a certificate of public convenience and necessity to another carrier should be considered on the basis that the objector was authorized to perform the services and any doubt as to that authority should be determined in plenary proceedings.

Recognizing that Congress has granted to the Commission a wide range of discretion in the issuance of certificates of public convenience and necessity and that the scope of judicial review is narrowly limited, we are nevertheless of the opinion that in the circumstances of this case the Commission committed an error of law and exceeded its lawful authority. This requires that the order granting the certificate to C & H be set aside.[7]

This opinion is not intended as any determination of the scope of the Park-

hill lead certificate or as any indication of what the decision of the Commission on the C & H application should be after it gives proper consideration to the Parkhill objections.

The order of the Commission is set aside and the matter is remanded for further action by the Commission in accordance with the views herein expressed.

This opinion sufficiently states the findings of fact and conclusions of law of the court. Further findings of fact and conclusions of law are not necessary. The clerk will enter an appropriate judgment.

---

6. In the Arrow Trucking case, Arrow applied for a certificate covering other than oil field use and then moved to dismiss that application on the ground that its existing certificate contained the necessary authority.

7. Denver Chicago Transport Co. v. United States, D.C., 183 F.Supp. 785, affirmed

364 U.S. 627, 81 S.Ct. 356, 5 L.Ed.2d 363; see also Reddish v. United States, D.C., 188 F.Supp. 160, probable jurisdiction noted Arkansas-Best Freight System, Inc. v. Reddish, 365 U.S. 877, 81 S.Ct. 1027, 6 L.Ed.2d 189.