Charles H. COX, James L. Cox, Claude G. Cox, and James H. Cox, Plaintiffs,

v.

INTERSTATE COMMERCE COMMISSION, an agency of the United States Government, Defendant.

No. 13545-1.

United States District Court
W. D. Missouri, W. D.

Aug. 17, 1962.

---

2. Webster's New International Dictionary, Second Edition, Unabridged (1935).

Plaintiffs pro se.

F. Russell Millin, U. S. Dist. Atty., Kansas City, Mo., Betty Jo Christian, Attorney, Interstate Commerce Commission, Washington, D. C., for defendant.

JOHN W. OLIVER, District Judge.

This case pends on defendant's motion to dismiss.[1] That motion must be sustained.

Plaintiff's original complaint "partitions the Federal Court to review the case and/or cases heard on a consolidated record at Kansas City, Missouri, and more particularly described as Charles H. Cox, Dockets No. MC–118267 and MC–89397; J. L. Cox, Docket No. MC–118669; Claude G. Cox, Dockets No. MC–61924 and 61924 Sub. No. 1; James L. Cox, Docket No. MC–118670". Although not there alleged, it is apparent elsewhere that the cases referred to were before the Interstate Commerce Commission.

In their prayer for relief this Court is requested by Charles H. Cox, among other things, "to set aside and annul" an adverse order of the Commission and that this Court "order the ICC to issue me a paper that I can show my customers to prove that my 1935 'Grandfather' filing is good and that I am a bonified contract carrier of general commodities between points and places in the United States of America, and another paper showing that I am a bonified common carrier of the items set out in the transportation Act of 1958, and so applied for on Form BORI, scope of operation between points and places in the United States of America". Claude G. Cox, J. L. Cox, and James H. Cox make somewhat similar prayers for relief.[2] By careful study of the pleadings and exhibits it becomes apparent that plaintiffs seek to review an order of the Interstate Com-

---

1. Plaintiffs, all members of the Cox family, appear pro se in this Court, as they apparently did before the Interstate Commerce Commission. In this Court, plaintiffs, in response to defendant's motion to dismiss, filed a "Motion to deny defendant's motion to dismiss". That Motion and plaintiffs' supporting suggestions and memorandum of authorities have been treated as the suggestions in opposition to defendant's motion to dismiss, required by our Local Rule 10.

2. Plaintiffs' Amended Complaint does not add any substantial claim that might broaden our jurisdiction. Paragraph 10 of that pleading, however, is somewhat typical of the type of language used by plaintiffs in their effort to invoke the jurisdiction of this Court. It is there stated:

"In an explanation by comparison or parable as Jesus might have used in explaining something in the Bible, we would have to liken this action to that of two wrestlers on television in which one wrestler gets whipped all over the ring and finally, at long last, he gets hold of the big bully who is whipping him and hangs on. The big bully sees he cannot break the hold so he tries to make it to the ropes and get the referee to break the hold for him. In this case the referee is an honorable United States district judge. We the plaintiffs hereby pray that the honorable judge at this time does not break any holds. After 26 years we have a right to have them in the Federal Court whether we win or whether we lose."

merce Commission. We so treat the complaints filed although had those pleadings been filed by a member of the Bar we would have dismissed plaintiffs' action for failure to comply with Rule 8 of the Rules of Civil Procedure, 28 U.S.C.A.

In spite of that concession, we nevertheless are required to examine the question of whether, on any theory, it can be said that the complaints, treated as broadly as possible, invoke the jurisdiction of this or any other Federal Court.

§§ 2284, 2321–2325 of Title 28 United States Code, provide that an order of the Interstate Commerce Commission can be set aside or annulled only by a three-judge court convened pursuant to § 2284.

██ And this Court has both the power and the duty to determine whether a three-judge court should be convened. This Court, for obvious reasons, should not convene a three-judge court if the complaint is jurisdictionally defective.[3]

 The United States is an indispensable party defendant to the only sort of suit that plaintiffs could attempt to maintain. § 2322 of Title 28 United States Code, so provides, and the cases so hold. See Seaboard Air Line R. R. v. Daniel, 333 U.S. 118, 122, 68 S.Ct. 426, 92 L.Ed. 580 (1948), and Lambert Run Coal Co. v. Baltimore & Ohio R. R., 258 U.S. 377, 382, 42 S.Ct. 349, 66 L.Ed. 671

(1922). The naming of the "Interstate Commerce Commission, an agency of the United States Government" does not make the "United States" a party to this cause. Plaintiffs' belief to the contrary is undoubtedly sincere but their argument that "the Commission and its parent proprietorship * * * are one and the same" is not tenable. No useful purpose would be served by convening a three-judge court that would be forced by law to dismiss plaintiffs' case.

The Court shares the reluctance stated by counsel for the defendant against dismissing a complaint filed by a group of laymen on their own behalf. But we are required to make our rulings in accordance with the law as declared by the Congress and as stated by the Supreme Court. It is clear that this Court has no alternative other than ordering that plaintiffs' complaints be dismissed.

 The Court expressly states, although under Rule 41(a) (2) such statement is unnecessary, that the dismissal herein ordered shall, as requested by defendant, be without prejudice.

By way of further explanation to plaintiffs, the legal effect of such an order is that plaintiffs may file further pleadings or they may have counsel file pleadings. on their behalf.

It is so ordered.

---

3. See Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933). The rule of decision of that case has not been changed by the amendment of the applicable statutes. See Jacobs v. Tawes, (4 Cir., 1957), 250 F.2d 611, 614, and General Electric Company v. Callahan (1 Cir., 1961), 294 F.2d 60, 65.