**BALLENTINE PRODUCE, INC., a corporation, Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants.**

**Regular Common Carrier Conference of the American Trucking Association, Inc., et al., Intervenors.**

**Civ. A. No. 1619.**

United States District Court
W. D. Arkansas,
Fort Smith Division.

Sept. 17, 1962.

John H. Joyce, Fayetteville, Ark. (A. Alvis Layne, Lester M. Bridgeman, and Nancy Pyeatt, Washington, D. C., were with him on the brief), for plaintiff.

Charles M. Conway, U. S. Atty., Western District of Arkansas, Fort Smith, Ark. (Lee Loevinger, Asst. Atty. Gen., and John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., on the brief for the United States; Robert W. Ginnane, Gen. Counsel, and Fritz R. Kahn, Asst. Gen. Counsel, Interstate Commerce Commission, Washington, D. C., on the brief for Interstate Commerce Commission).

Heartsill Ragon of Warner, Warner & Ragon, Fort Smith, Ark. (R. Edwin Brady, Washington, D. C., Harry J. Breithaupt, Jr., Washington, D. C., T. Randolph Buck, Richmond, Va., James G. Lane, Boston, Mass., James W. Nisbet, Chicago, Ill., and Ed White, Chicago, Ill., were with him on the brief), for intervening defendants.

Before JOHNSEN, Circuit Judge, and MILLER and HENLEY, District Judges.

PER CURIAM.

Jurisdiction of this Court is predicated upon 49 U.S.C.A. § 305(b) and 305(h); 28 U.S.C.A. §§ 1336, 1398, 2284, 2321–2325. The case has been heard by a district court of three judges as required by 28 U.S.C.A. § 2325.[1]

Plaintiff, a motor carrier incorporated under the laws of Arkansas, has brought this action to enjoin enforcement of a certain order of the Interstate Commerce Commission served August 29, 1961, and allegedly implemented by Field Staff Information Bulletin No. 16 dated September 7, 1961, issued by the Bureau of Motor Carriers. Plaintiff complains that the order in question and the staff bulletin have unlawfully restricted a certificate of public convenience and necessity which plaintiff holds under the grandfather provisions of section 7(c) of the Transportation Act of 1958, 72 Stat. 573–574, which certificate on its face authorizes plaintiff to haul "frozen vegetables and frozen berries" in interstate commerce.

The order complained of denied petitions for declaratory orders and emergency relief in proceedings docketed by the Commission as MC–C–2708 and MC–C–2738, to neither of which proceedings plaintiff was a party. Simultaneously, the full Commission entered an order denying reconsideration of the decision of the Commission's Division I in a proceeding entitled Frozen Cooked Vegetables—Status, No. MC–C–2522, 81 M.C.C. 649, to which proceeding likewise plaintiff was not a party. Plaintiff does not here attack the Commission's order denying reconsideration in No. MC–C–2522, although that order is mentioned in Field Staff Information Bulletin No. 16.

Plaintiff has been hauling under his certificate certain products described as "frozen sweet potatoes," "frozen creme peas," "frozen candied yams," "frozen french fried potatoes," and "frozen sweet potato patties." It is plaintiff's position that he was lawfully hauling those products prior to, on, and after May 1, 1958, as an uncertificated motor carrier; that he was entitled under the Transportation Act of 1958 to a grandfather certificate authorizing him to con-

---

1. When the complaint was filed, a temporary restraining order was issued by Judge Miller, which order has been con- tinued in effect by agreement pending final disposition of the case by this Court.

tinue to haul such products in interstate commerce; and that the certificate issued to him authorized such continued hauling. Plaintiff contends further that the Commission's order in No. 2708 and No. 2738 and the Field Staff Information Bulletin have operated so as to exclude the above listed products from the scope of the certificate, and that unless enforcement of the order is enjoined plaintiff will be subject to civil and penal sanctions under the Act.

The basic question which plaintiff tenders for adjudication involves a determination of the extent of section 7(c) grandfather certificates as applied to the transportation of frozen food products which were, in general, taken out of the agricultural exemption found in section 203(b) (6) of the Motor Carriers Act of 1935, 49 Stat. 545, 49 U.S.C.A. § 303(b) (6), by section 7(a) of the Transportation Act of 1958, 72 Stat. 573, 49 U.S.C.A. § 303(b) (6), as amended.

In resisting plaintiff's claim for relief, the defendants and intervenors attack the jurisdiction of the Court, contend that the order in question is not a reviewable order and that plaintiff has no standing to attack it, and assert that in any event the claim is without merit. The case has been submitted on the pleadings, documentary evidence and exhibits, oral argument, and written briefs.

■ From our consideration we have come to the conclusion that while in a broad sense we have jurisdiction of the subject matter of the action since it is a suit to enjoin enforcement of an order of the Commission, nevertheless, the particular order here involved is not a reviewable order, and that even if it were this Court could not at this juncture afford plaintiff any relief. It follows that the complaint should be dismissed but without prejudice to the right of plaintiff to seek relief in a direct proceeding before the Commission with the right to return to this Court should direct proceedings before the Commission turn out to be unsuccessful.

■■ While under the statutes the federal courts have jurisdiction to review orders of the Interstate Commerce Commission, not every order issued or action taken by the Commission is subject to review. The reviewability of an order of the Commission does not depend upon the form which the order takes, whether affirmative or negative, United States v. Interstate Commerce Commission, 337 U.S. 426, 69 S.Ct. 1410, 93 L.Ed. 1451; Rochester Telephone Corporation v. United States, 307 U.S. 125, 59 S.Ct. 754, 83 L.Ed. 1147. Regardless of its form, an order of the Commission is reviewable if it determines rights or obligations from which legal consequences may flow. Pennsylvania Railroad Co. v. United States, 363 U.S. 202, 80 S.Ct. 1131, 4 L.Ed.2d 1165; Rochester Telephone Corporation v. United States, supra. And in determining whether an order is reviewable, regard must be had to the immediate and practical impact which it will have on affected carriers and shippers. Frozen Food Express v. United States, 351 U.S. 40, 76 S.Ct. 569, 100 L.Ed. 910. Where the practical and immediate effect of an order of the Commission is to subject a carrier to the risk of civil or criminal sanctions if he continues to operate in disregard of the order or of the determinations expressed therein, then the order is reviewable even though it is purely negative in form and even though the shipper seeking review was not a party to the agency proceedings which resulted in the order being issued. Frozen Food Express v. United States, supra.

■ But, where the order complained of is a mere abstract declaration, where it does not command the carrier to do or refrain from doing anything, where it neither grants nor withholds any authority, privilege, or license, where it does not extend or abridge any power or facility, where it does not subject the carrier to any liability or change its existing or future status or condition, and where it determines no right or obligation, it is not reviewable. Rochester

Telephone Corporation v. United States, supra; United States v. Los Angeles R. Co., 273 U.S. 299, 309–310, 47 S.Ct. 413, 71 L.Ed. 651. Such an order may be said not to tender any justiciable controversy. Rochester Telephone Corporation v. United States, supra, 307 U.S. at 131, 59 S.Ct. at 757.

We are persuaded that plaintiff has not been adversely affected by the Commission's order in No. 2708 and No. 2738, although he may have been damaged by virtue of the decision in No. 2522 which we are not asked to review.[2]

In No. 2522 the Commission held in substance that under the continuing substantial identity test laid down by the Supreme Court in East Texas Motor Freight Lines v. Frozen Food Express, 351 U.S. 49, 76 S.Ct. 574, 100 L.Ed. 917, certain frozen food products, including some of the products here in question, would not have been considered as exempt agricultural commodities prior to the enactment of the Transportation Act of 1958. Subsequently, certain carriers commenced the proceedings which were docketed as No. 2708 and No. 2738 for the purpose, among others, of obtaining a declaratory ruling from the Commission to the effect that grandfather certificates issued under section 7(c) of the Transportation Act of 1958 would not authorize the transportation of frozen cooked vegetables such as those which plaintiff is hauling.

In denying the relief sought in No. 2708 and No. 2738, the Commission said in part:

"* * * there is no need for the issuance of either a declaratory order or an interpretative opinion or the action sought with respect to the usage of terms in certificates and permits for the reason that in a number of reports we have stated our views concerning the meaning and interpretation of the statutory provisions involved and, as stated in Frozen Cooked Food, MC–C–2522

(81 M.C.C. 649, 655) reconsideration denied herein, the opinion is stated that cooked vegetables are 'prepared foods' and are not embraced within the term 'frozen vegetables.' * * * "

It will be seen that the Commission's denial of the petitions accomplished nothing so far as plaintiff was concerned. The challenged order imposed no duty or obligation, nor did it confer any right upon plaintiff which did not exist before. The order subjects plaintiff to no penalty to which it was not subject before. Unlike the decision in No. 2522, and unlike the proceedings before the Commission which led up to the decision of the Supreme Court in East Texas Motor Freight Lines v. Frozen Food Express, supra, the Commission's decision in No. 2708 and No. 2738 involved no affirmative interpretation of the law and no classification of commodities as being exempt or nonexempt either prior to or after the 1958 Act.

All that the order did was deny the petitions on the ground that the relief sought was unnecessary in view of prior agency interpretations. That the order incidentally purports to summarize or paraphrase earlier interpretations is not material. If the relief prayed for should be granted, plaintiff might still be subject to the interpretation expressed in the decision in No. 2522; otherwise, we would in effect be reviewing No. 2522 which has been expressly excluded from this litigation.

True, if plaintiff takes its own certificate to the Commission for construction, as plaintiff concededly has a right to do, the Commission may well hold, on the strength of No. 2522 or on some other basis, that plaintiff does not have the right under its certificate to haul at least some of the products which plaintiff has been hauling. But, the Commission will not necessarily so hold, and, in any event, it has not yet so held.

2. It appears that the order in No. 2522 is under direct attack in federal court in Delaware.

However, assuming *arguendo* that the challenged order, taken in connection with the Field Staff Information Bulletin, has such an immediate and adverse impact on plaintiff as to make the order "reviewable" under the decision in Frozen Food Express v. United States, supra, we still could give plaintiff no effective relief at this time.

■■ Basic to a right to haul a particular product under a section 7(c) grandfather certificate is the requirement that the product in question must have been an exempt agricultural commodity prior to the passage of the 1958 Act and that the product was made nonexempt by that Act. Milk Transport, Inc. v. Interstate Commerce Commission, D.C.Minn., 190 F.Supp. 350, aff'd per curiam, 368 U.S. 5, 82 S.Ct. 15, 7 L.Ed.2d 16. Beyond question, all of the products transported by plaintiff are now nonexempt; whether all were exempt prior to the 1958 statute is another question, and is one which we cannot determine independently on the record now before us. Further, it is not our function to make such a determination in the first instance.

In Dart Transit Co. v. Interstate Commerce Commission, D.C.Minn., 110 F.Supp. 876, aff'd per curiam 345 U.S. 980, 73 S.Ct. 1138, 97 L.Ed. 1394, the plaintiff carrier held a grandfather permit under section 209(a) of the Motor Carriers Act, 49 U.S.C.A. § 309(a) which authorized the transportation of certain commodities including "canned goods." The carrier became involved in a dispute with the Commission over the scope of the permit, one of the points at issue being whether canned beer was covered by the permit. The Commission in appropriate proceedings held that certain commodities transported by plaintiff, including canned beer, were outside the scope of the permit and issued a cease and desist order, which the carrier attacked in federal court. The Court affirmed the Commission and in so doing said (p. 880 of 110 F.Supp.):

"It is our opinion that in an action such as this, a court may not substitute its judgment for that of the Commission with respect to the question of the scope or coverage of a permit which the Commission has issued to a motor carrier, if that question is at all doubtful. In Noble v. United States, 319 U.S. 88, 93, 63 S.Ct. 950, 952, 87 L.Ed. 1277, the Supreme Court said that 'The precise delineation of an enterprise which seeks the protection of the "grandfather" clause has been reserved for the Commission.' By the same token, we think that within reasonable limits it is for the Commission to determine the scope of the 'delineation.' The meaning of words may be a question of law or a question of fact. This was made plain in Great Northern Railway Co. v. Merchants Elevator Co., 259 U.S. 285, 291–296, 42 S.Ct. 477, 66 L.Ed. 943. See also, Standard Oil Co. (Indiana) v. United States, 283 U.S. 235, 238–240, 51 S.Ct. 429, 75 L.Ed. 999. Words may have one meaning when used in industry or in the regulation of industry and another meaning when used in common speech. We are not convinced that in the interpretation of Dart's permit the Commission misapplied the law or exceeded its jurisdiction. For instance, we are not prepared to say that as a matter of law the term 'canned goods' as used. in Dart's permit covered 'canned beer' or every sort of canned materials.. In the interest of uniformity in the regulation and policing of the motor carrier industry, it is of course essential that the Commission be subjected to as little judicial interference as the law will permit."

As indicated, plaintiff is free to take its certificate to the Commission for construction and clarification and may seek review of an adverse administrative ruling by subsequent action in this Court. If this procedure is followed, the controversy will be before us in concrete form and upon an adequate record and with the Court having the benefit of the

informed judgment of the Commission as to the proper classification of the products involved and as to whether those products are covered by the certificate.

The complaint will be dismissed without prejudice to future action before the agency and, if necessary, before this Court.