**PARKHILL TRUCK COMPANY, a corporation, Plaintiff,**

**v.**

**UNITED STATES of America and Interstate Commerce Commission, Defendants,**

**and**

**Deaton Truck Line, Inc. and C & H Transportation Co., Inc., Intervening Defendants.**

Civ. A. No. 6053.

United States District Court
N. D. Oklahoma.

April 26, 1965.

Doerner, Stuart, Moreland & Saunders, Tulsa, Okl., Kretsinger, Kretsinger & Edell, Kansas City, Mo., for plaintiff.

J. Howard Woodard, Wills & Wills, Tulsa, Okl., A. Alvis Layne, Washington, D. C., John M. Imel, U. S. Atty., Tulsa, Okl., John H. D. Wigger, Dept. of Justice, William H. Orrick, Jr., Asst. Atty. Gen., Francis A. Silver, Associate Gen. Counsel, ICC, Robert W. Ginnane, Gen. Counsel, Washington, D. C., W. T. Brunson, Oklahoma City, Okl., for defendants.

Before LEWIS, Circuit Judge, and BARROW and BOHANON, District Judges.

LEWIS, Circuit Judge.

By this action filed under 28 U.S.C. § 1336 Parkhill Truck Company seeks to set aside and enjoin the enforcement of a cease and desist order entered by the Interstate Commerce Commission, three judges dissenting, after a plenary hearing resulting in a negative determination of Parkhill's authority to haul other than oil field pipeline equipment in interstate commerce. C & H Transportation Co., Inc., Extension—Denison, Tex., 94 M.C. C. 711. The hearing was held as the result of the decision in Parkhill Truck Co. v. United States, N.D.Okl., 198 F.Supp. 362, wherein earlier aspects of the continuing controversy between the parties were determined by a three-judge court convened, as now, by the requirements of 28 U.S.C. § 2325. The present issue is whether the Commission has erroneously interpreted and limited the scope of Parkhill's existent authority to haul pipeline equipment by finding such authority to be contained in a so-called "Mercer" type certificate and thus subject to the interpretation earlier approved for such a certificate in Arrow Trucking Co. v. United States, N.D.Okl., 181 F.Supp. 775.

The Parkhill lead certificate, MC–106497, reads as follows:

"*Oil-field equipment and supplies,* over irregular routes,

Between points and places [in four states].

"*Pipe, pipe line material, machinery, and equipment* incidental to and used in connection with the construction, repairing, or dismantling of pipe lines, over irregular routes,

Between points and places [in thirty-one states]."

The thrust of the Commission decision is that the language of such certificate is ambiguous upon its face as to whether the limitation of "oil-field" as contained in the first portion is applicable to the authority to haul pipe, pipeline material, machinery, and equipment as set forth in the second paragraph of the certificate. The determination of the existence of ambiguity, and the ultimate cease and desist order premised upon the imposition of the "oil-field" limitation, springs from the rule formulated in Mercer Extension—Oil Field Commodities, 74 M.C.C. 459, where a general grant of authority appearing with a more limited grant was held to justify the Commission in finding an ambiguity to exist. The ambiguity, in turn, justified the Commission's looking behind the face of the certificate to the underlying application

proceedings to determine the intended scope of the authority. "Mercer" authority reads as follows:

"1. Machinery, equipment, materials, and supplies used in, or in connection with, the discovery, development, production, refining, manufacture, processing, storage, transmission, and distribution of natural gas and petroleum and their products and by products, and

"2. Machinery, materials, equipment, and supplies used in, or in connection with, the construction, operation, repair, servicing, maintenance, and dismantling of pipelines, including the stringing and picking up thereof."

The Commission admitted that Parkhill's authority "is not phrased in the exact words of the Mercer description," but held that because it contained two parts, only one of which is limited to oil field equipment and supplies, there was a Mercer-type ambiguity. The Commission does not contend that its interpretation may be upheld without the finding of ambiguity, for unless a certificate is ambiguous on its face the Commission may not look beyond its terms. See Ace Lines, Inc., Extension—Cement Pipe, 91 M.C.C. 559; Campbell Sixty-six Express, Inc. v. Frisco Transportation Co., 46 M.C.C. 222.

A complete understanding of Parkhill's position requires an understanding of the history of Parkhill certificate MC–106497. The first portion of the authority, that dealing with *"oil-field equipment and supplies,"* was granted to Parkhill's predecessor as a result of rights asserted under the provisions of 49 U.S.C. § 306(a)(1), "grandfather" applications, and was issued on May 20, 1943. Parkhill Truck Company Common Carrier Application, 41 M.C.C. 814. The second portion, authorizing transportation of *"pipe, pipe line material, machinery and equipment,"* was granted on a showing of public convenience and necessity and was issued January 3, 1942, over seventeen months prior to the granting of the other portion.

Parkhill Truck Company Extension of Operations, 31 M.C.C. 806. On November 2, 1943 these separate operating authorities were consolidated into a single certificate that has not since been changed; the certificate was awarded to Parkhill's predecessors and the consolidation was done at their request in order to facilitate the transfer of the rights from predecessor Parkhill Truck Company, a corporation, to Roy F. Parkhill and Henri E. Parkhill, a partnership doing business as Parkhill Truck Company. The consolidated certificate was subsequently assigned to plaintiff Parkhill after reincorporation of the business; its stock was acquired by the present holders in the early 1950's.

In Arrow Trucking Co. v. United States, N.D.Okl., 181 F.Supp. 775, the court upheld a Commission determination that Mercer-type certificates should be construed to authorize transportation of pipeline equipment and supplies only when used in connection with the oil and gas industry. The court rejected the contention that the Commission orders were void because of noncompliance with the provisions of 49 U.S.C. § 312(a) requiring notice and hearing before suspension, change or revocation of a certificate, holding that the Commission had construed the certificates rather than altered them and that the construction was not clearly erroneous. Parkhill, however, points out relevant differences between the Arrow Trucking case and the case at bar, namely that the language of the certificates there involved differs from that here involved and, more important, that the certificates in Arrow Trucking, as in the original Mercer case, resulted from single Commission proceedings rather than from the consolidation of separate certificates resulting from separate proceedings, as occurred in reference to Parkhill. Any ambiguity, Parkhill argues, resulted wholly from the Commission's mechanical act of consolidation, of putting the two authorizations on the same sheet of paper. This action, admittedly not satisfying the notice and hearing requirements of 49 U.S.C. § 312

(a) before alteration of a certificate, cannot serve as a basis for reading a limitation into the authorization originally granted in 1942 that prior to consolidation was clear and unambiguous. Such Commission action is "arbitrary and capricious" and, claims Parkhill, should be set aside.

All parties agree to the well-established rule that Commission construction of the scope of a certificate will not be set aside unless clearly erroneous. Andrew G. Nelson, Inc. v. United States, 355 U.S. 554, 558, 78 S.Ct. 496, 2 L.Ed.2d 484; Arrow Trucking Co. v. United States, supra. However, Parkhill strenuously contends that the Commission action was clearly erroneous, that it was arbitrary to read the authorizations together Mercer-style, which was possible only because of the consolidation of the two distinct authorizations. We believe plaintiff's position to have merit.

The soundness of the decision in Arrow Trucking is based upon an ambiguity in the certificate as *originally issued* and purporting to reflect the intent of the Commission springing from a single proceeding held to determine the very authority contained in the certificate. To resolve such an ambiguity the Commission can very properly make reference to the original proceedings. In the case at bar, an ambiguity does, indeed, exist upon the face of the Parkhill certificate and justifies Commission exploration of the extent of authority contained in the certificate. However, the undisputed evidence here indicates that the ambiguity is merely superficial and has resulted only from the routine administrative consolidation of two separately issued grants of authority, neither of which is ambiguous when separately considered. The ambiguity present in a Mercer-type certificate is inherent in the original certificate; here it is not. The apparent ambiguity in Parkhill's certificate is completely dissipated by the fact of its creation through a subsequent consolidation of separate authorities. Such an ambiguity justifies inquiry only to the point of source of original authority and does not allow and cannot premise an examination of what is then indicated to be a secondary source—that is, the original proceedings. To make the latter inquiry is but a thinly veiled violation of the protection allowed existent and operating authority by 49 U.S.C. § 312(a). We are convinced the order of the Commission is faulty in law and clearly erroneous.

The order of the Commission is vacated and set aside and its enforcement will be enjoined.