**A–1 COACH TOURS, INC., Plaintiff,**

**v.**

**UNITED STATES of America and Interstate Commerce Commission, Defendants.**

United States District Court
E. D. New York.

Oct. 11, 1966.

S. Harrison Kahn, Washington, D. C., and Stephen J. Mydanick, New York City, for plaintiff.

Nahum Litt, Washington, D. C. (Joseph P. Hoey, U. S. Atty., and Robert W. Ginnane, Gen. Counsel, I. C. C. of counsel), for defendants.

Francis V. Goggins, New York City, for intervenors Allied and Tauck.

Robert E. Goldstein, New York City, for intervenors Consolidated, Keri and Manhattan.

### MEMORANDUM AND ORDER

DOOLING, District Judge.

Plaintiff, a holder of an Interstate Commerce Commission license as a passenger transportation broker, seeks to set aside and annul orders made by Division 1 of the Interstate Commerce Commission. The suit invokes, through Section 205(g) of Part II of the Interstate Commerce Act [49 U.S.C.A. § 305(g)], the provisions of 28 U.S.C.A. § 2321 et seq. which authorize and regulate suits to annul or set aside orders of the Interstate Commerce Commission. Before proceeding under 28 U.S.C.A. § 2284 to request the Chief Judge of the Second Circuit to designate judges to form a three-judge court there must be a determination whether the case is ripe for judicial determination or makes a substantial showing that it involves a judicially reviewable order, thus warranting the convening of a three-judge court. Cf. Davidson Transfer & Storage Co. v. United States, D.Md.1958, 164 F. Supp. 571; Territo v. United States, D.N.J.1958, 170 F.Supp. 855 [1]; Cox v.

---

1. Appeal dismissed, 1959, 358 U.S. 279, 79 S.Ct. 312, 3 L.Ed.2d 298, "for the reason that the notice thereof was not filed within the time provided by law."

I.C.C., W.D.Mo.1962, 207 F.Supp. 957; Seatrain Lines, Inc. v. United States, D.N.J.1964, 233 F.Supp. 40, 46, 47. See Ex parte Poresky, 1933, 290 U.S. 30, 32, 54 S.Ct. 3, 78 L.Ed. 152; Lion Mfg. Corp. v. Kennedy, 1964, 117 U.S.App.D.C. 367, 330 F.2d 833, 840; McReynolds v. Christenberry, S.D.N.Y.1964, 233 F. Supp. 143, 146. The considerations that underlie the doctrine of Ex parte Poresky have equal application here. Cf. Swift & Co. v. Wickham, 1965, 382 U.S. 111, 129, 86 S.Ct. 258, 15 L.Ed.2d 194. There would not seem to be much question that error in determining the preliminary question is reviewable in the Court of Appeals. See Eastern States Petroleum Corporation v. Rogers, 1960, 108 U.S.App.D.C. 63, 280 F.2d 611, 613 fn. 7; Wicks v. Southern Pacific Co., 9th Cir. 1956, 231 F.2d 130, 133–135; J. B. Schermerhorn, Inc. v. Holloman, 10th Cir. 1935, 74 F.2d 265, 266. Cf. Virginian Ry. Co. v. United States, 1926, 272 U.S. 658, 672, 47 S.Ct. 222, 71 L.Ed. 463.

Plaintiff is the transferee of a broker license originally issued to Reliable Travel Bureau, Inc.; the transfer was authorized by an order of the Commission, dated April 10, 1963, which in the language of Section 211(b) of the Act [49 U.S.C.A. § 311(b)], found plaintiff "fit, willing and able" to perform the service authorized under the predecessor's license, and found that the transfer of license was not contrary to the public interest. On July 18, 1963, the transferred license was cancelled in favor of granting a license to plaintiff "to engage in operations as a broker"; the service to be performed by plaintiff in connection with interstate transportation by motor vehicle was specified as "Passengers and their baggage, Between New York, N.Y., on the one hand, and, on the other, points in the United States (Except Alaska and Hawaii)." To this was added, "Applicant is authorized to engage in the above-specified operation as a broker at Brooklyn, N. Y."

On March 4, 1964, plaintiff petitioned the Commission for a reissued broker's license authorizing transportation activities at New York, New York, rather than Brooklyn, New York. Plaintiff's application argued that the original issuance of the license "naming Brooklyn was erroneous * * * since Brooklyn was merely a borough of the City of New York" and argued that the Act was not concerned with routes within municipalities or within adjoining municipalities [see Section 203(b) (8), 49 U.S.C.A. § 303(b) (8)]. Protests were filed by the present intervenors and others, and on June 24, 1964, Division 1 of the Commission denied the petition on the ground that it sought "an extension of authority which cannot be granted in the absence of an application filed under the provision of Section 211(b) of the Act [49 U.S.C.A. § 311(b)] and the underlying proof that the proposed service is, or will be, consistent with the public interest and the national transportation policy." The denial was expressly without prejudice to a Section 211(b) application. Division 1, acting as an Appellate Division, in effect confirmed the order on October 19, 1964.

Plaintiff filed the present action on December 30, 1965, complaining that the Commission erred in holding that the application sought an extension of authority rather than a request for change in place of business since no alteration was sought in the existing authority to arrange transportation between New York, N. Y. and points in the United States. Plaintiff complained also that the denial of its application was arbitrary and unreasonable and burdened an approved transportation activity.

The Commission's orders imply, although not with undeniable certainty, that plaintiff's existing license does not authorize it to perform its services from an office located outside Brooklyn. If the orders are so read, they are not dissimilar to the orders considered in Ballentine Produce, Inc. v. United States, W.D.Ark.1962, 209 F.Supp. 679, which were held not to be reviewable at Ballentine's suit, although it would appear that the Court would have been prepared

to review an order that directly interpreted the carrier's certificate, in a proceeding to which the carrier was a party, so as to exclude it from carrying the commodities in question (209 F.Supp. at 683–684). Cf. Parkhill Truck Co. v. United States, N.D.Okla.1961, 198 F. Supp. 362, 365; DeCamp Bus Lines v. United States, D.N.J.1963, 224 F.Supp. 196, 201 (essentially "interpretive" orders affecting actual operations and made after evidentiary hearings). A plain refusal of the Commission to make a declaratory order might well not be reviewable (Continental Oil Co. v. F.P.C., 5th Cir. 1961, 285 F.2d 527; W. J. Dillner Transfer Co. v. McAndrew, W. D.Pa.1963, 226 F.Supp. 860, 864, aff'd, 3rd Cir. 1964, 328 F.2d 601), but the Commission here has seemed impliedly to declare that plaintiff has not the authority that it claims under its license. The Commission's order does not, however, profess to affect plaintiff's rights, and certainly does not profess any finality of operation. Its theory necessarily is that plaintiff's rights and responsibilities are exactly the same now as they were before the order was entered, and that any clarification of positions resulting from the order is not in any sense a modification or amendment of the license, does not work any alteration in plaintiff's status, and does not covertly erode plaintiff's rights by imposing fanciful reading on what seem the unambiguous terms of the license. Cf. Parkhill Truck Co. v. United States, N.D.Okl.1965, 240 F.Supp. 842. The order may have disappointed a hope, but it was non-final administrative action which neither withdrew a right nor, in any legally significant sense, denied a right to plaintiff, although it did, indeed, negate plaintiff's claim that it already enjoys the right it sought to have recognized. Cf. Rochester Telephone Corp. v. United States, 1939, 307 U.S. 125, 139–143, 59 S.Ct. 754, 83 L.Ed. 1147; I.C.C. v. Atlantic Coast Line R. Co., 1966, 383 U.S. 576, 602, 86 S.Ct. 1000, 16 L.Ed.2d 109. Contrast U. S. A. C. Transport, Inc. v. United States, D.Del.1964, 235 F.Supp. 689, aff'd, 1965, 380 U.S. 450, 85 S.Ct. 1103, 14 L.Ed.2d 151, and Mitchell Bros. Truck Lines v. United States, D. Or.1963, 225 F.Supp. 755, 758, aff'd, 1964, 378 U.S. 125, 84 S.Ct. 1647, 12 L. Ed.2d 744 with Kulp & Gordon, Inc. v. United States, E.D.Pa.1955, 144 F.Supp. 456. That the Commission may have taken a position on the legal effect of the present license and the need for a showing of some kind under Section 211(b) of the Act [49 U.S.C.A. § 311(b)] does not establish that its orders have reviewable finality. Despite their form, apparently terminating one form of administrative proceeding without prejudice to the launching of another, the action taken is essentially interlocutory, for the Commission has not denied to the plaintiff the right it seeks but has only declined to grant it on the narrow ground on which plaintiff sought it. Cf. Michigan Public Service Commission v. United States, W.D.Mich.1958, 162 F.Supp. 670; M. P. & St. L. Express, Inc. v. United States, W.D.Ky.1958, 165 F.Supp. 677. For the modest comfort it contains, the Schenley technique is available to isolate the issue that concerns plaintiff. Cf. Schenley Distillers Corp. v. United States, 1946, 326 U.S. 432, 66 S. Ct. 247, 90 L.Ed. 181.

Because a reviewable order is not involved, the present action does not lie, and it must be dismissed without the formation of the requested three-judge court.

Accordingly, on plaintiff's motion, pursuant to 28 U.S.C.A. § 2284, for an order that a three-judge court be convened and for other and further relief, it is

Ordered that the motion is denied, and the action is dismissed without prejudice to further proceedings before the Interstate Commerce Commission on the ground that it is not authorized by Section 205(g) of Part II of the Interstate Commerce Act [49 U.S.C.A. § 305(g)], or 28 U.S.C.A. § 1336, or otherwise, and the Clerk is directed to enter judgment that plaintiff take nothing and that the action is dismissed without prejudice and without costs.