The **PORT OF NEW YORK AU-THORITY**, Plaintiff,

v.

**UNITED STATES** of America and Interstate Commerce Commission, Defendants.

The **CITY OF NEW YORK**, Plaintiff,

v.

**UNITED STATES** of America and Interstate Commerce Commission, Defendants.

Nos. 71 Civ. 3427, 71 Civ. 3432.

United States District Court, S. D. New York.

Aug. 3, 1971.

---

Arthur L. Winn, Jr., Washington, D. C. (Sidney Goldstein, New York, City, of counsel), for Port of New York Authority.

Martin S. Snitow, Asst. Corp. Counsel, City of New York (J. Lee Rankin, Corp. Counsel, City of New York, and Norman Redlich and Sheila A. Mahony, Asst. Corp. Counsels, of counsel), for the City of New York.

Geraldine R. Keyes, I. C. C., Washington, D. C. (Fritz R. Kahn, Gen. Counsel, I. C. C., Richard W. McLaren, Asst. Atty. Gen., and John H. D. Wigger, Atty., U. S. Dept. of Justice, Washington, D. C., Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., of counsel), for the United States and Interstate Commerce Comm.

## MEMORANDUM

TENNEY, District Judge.

██ It appears to this Court, after due consideration, that it is without jurisdiction to temporarily restrain the June 28, 1971 order of the Interstate Commerce Commission, which order vacated its prior order suspending increased tariffs of Penn Central for its lighterage service in the Port of New York. Clearly, the reasons for the vacating of the Commission's prior order are excepted from judicial review. Oscar Mayer & Co. v. United States, 268 F.Supp. 977 (W.D.Wis.1967). Indeed, the Commission need not even state its reasons for vacating a prior suspension order. Freeport Sulphur Co. v. United States, 199 F.Supp. 913, 916 (S.D.N.Y. 1961). Since the vacating of its prior order is a matter wholly within the Commission's discretion and expertise, this Court cannot enjoin the Commission's order. There is no showing that the Commission's action exceeded its powers or that it constituted a gross abuse of discretion.

██ In addition, inasmuch as none of the plaintiffs would be compelled to pay the increased tariffs, they have no standing to attack the vacating order of the Commission. Since plaintiffs suffer no legal injury by reason of the Commission's action, they cannot maintain an injunctive attack upon it. Freeport Sulphur Co. v. United States, *supra* at 917.

██ Furthermore assuming there were jurisdiction plaintiffs would appear to have little likelihood of ultimate success and the irreparable harm which plaintiffs complain they will suffer from the June 28, 1971 order is at best speculative and cannot justify the issuance of a temporary restraining order.

██ Finally, since this case is clearly not ripe for judicial determination inasmuch as the order of the Commission is interlocutory, the convening of a three-judge court is not warranted. A–1 Coach Tours, Inc. v. United States, 260 F.Supp. 295 (E.D.N.Y.1966).

Accordingly, and for the foregoing reasons, the plaintiffs' request for a temporary restraining order is hereby denied and the within complaint dismissed.

So ordered.