## UNITED STATES ET AL. *v.* PAN AMERICAN PETROLEUM CORP. ET AL.*

No. 514.   Argued March 29, 30, 1938.—Decided April 25, 1938.

*Mr. Daniel W. Knowlton,* with whom *Acting Solicitor General Bell, Assistant Attorney General Jackson,* and *Messrs. Elmer B. Collins, Edward M. Reidy,* and *Nelson Thomas* were on the brief, for appellants.

*Messrs. Luther M. Walter* and *John S. Burchmore,* with whom *Mr. Nuel D. Belnap* was on the brief, for appellees.

*†Together with No. 530, United States et al. v. Humble Oil & Refining Co. et al.,* on appeal from the District Court of the United States for the Southern District of Texas.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

These appeals are from decrees of specially constituted district courts, setting aside and enjoining the enforcement of orders of the Interstate Commerce Commission in nine cases which were consolidated for hearing and decided in a single opinion.[1] The orders of the Commission which were the subject of attack commanded the railroad or railroads serving industrial plants of the appellees to cease and desist from the payment of allowances for switching services performed by plant facilities. They resulted from a general report in which the Commission after investigation announced general conclusions respecting switching services by carriers in industrial plants, and payment of allowances out of the line-haul rate to an industry performing the service,[2] and subsequent supplemental reports with respect to specific plants.[3] The Commission held that, in the circumstances disclosed at each of the plants under consideration, the carriers' obligation of delivery was fulfilled by placing or receiving cars on interchange tracks and that the moving and spotting of cars in the industries' plants formed no part of the service covered by the line-haul rate. It concluded that the prac-

---

[1] 18 F. Supp. 624. A circuit judge and two district judges sat as a District Court for each of the districts to hear the cases.

[2] Ex parte No. 104, Practices of Carriers Affecting Operating Revenues or Expenses, Part II, Terminal Services, 209 I. C. C. 11.

[3] Mexican Petroleum Corporation of La. Inc. Terminal Allowance, 209 I. C. C. 394; Celotex Company Terminal Allowance, 209 I. C. C. 764; Great Southern Lumber Company-Bogalusa Paper Company Terminal Allowance, 209 I. C. C. 793; Standard Oil Company of Louisiana Terminal Allowance, 209 I. C. C. 68; Humble Oil & Refining Co. Terminal Allowance, 209 I. C. C. 727; Magnolia Petroleum Company Terminal Allowance, 209 I. C. C. 93; Texas Company Terminal Allowance at Houston, Tex., 209 I. C. C. 767; Gulf Refining Company Terminal Allowance, 209 I. C. C. 756; Texas Company Terminal Allowances at Port Arthur, Texas, 213 I. C. C. 583.

tice of making an allowance out of the rate to the owner of the plant for the performance of the spotting service was unlawful and should be discontinued.

The appellees, in their complaints, asserted that in making its orders the Commission exceeded the powers conferred upon it by the Interstate Commerce Act. These contentions are the same as those considered in *United States* v. *American Sheet & Tin Plate Co.*, 301 U. S. 402, and are foreclosed by the decision therein.

The appellees charged that the Commission's findings and orders were not supported by substantial evidence. The District Court held with them upon this point. We have examined the record and are of opinion that in each case there is substantial evidence to support the Commission's findings. No useful purpose will be served by a detailed recital of the evidence and it must suffice to say that, while the conditions in the various plants differed, in all of the cases the Commission had before it maps exhibiting the character and extent of the plant trackage, its relation and accessibility to the main line tracks of the carriers concerned, and proofs as to the volume and nature of intra-plant car movements, the amount of engine service required and other relevant facts. The value and weight of the evidence given by railroad and plant executives, and the inferences to be drawn from it, were for the Commission. In some instances the inconvenience and delay to the carriers in performing plant services were more obvious than in others but we are unable to say that in any case the Commission's orders were not based upon substantial evidence. The orders should not have been set aside, and the decrees must be

*Reversed.*

Mr. Justice Cardozo and Mr. Justice Reed took no part in the consideration or decision of this case.