J. B. ACTON, INC., Plaintiff,

v.

UNITED STATES of America and the Interstate Commerce Commission, Defendants,

J. L. Cox & Son, Inc., Parkhill Truck Company, J. O. (Red) Willett Pipe Line Stringing Corporation, Dunn Bros., Inc., Middlewest Freightways, Inc., the Chief Freight Lines Company, Intervening Defendants.

Civ. A. No. 13879-4.

United States District Court
W. D. Missouri, W. D.

Sept. 9, 1963.

Wrape & Hernly, by James W. Wrape, James N. Clay III, Memphis, Tenn., Waters & Morris, by Harry A. Morris, Kansas City, Mo., for plaintiff.

William H. Orrick, Jr., Asst. Atty. Gen., John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., F. Russell Millin, U. S. Atty., Kansas City, Mo., for the United States.

Robert W. Ginnane, Gen. Counsel, Francis A. Silver, Assoc. Gen. Counsel, James Y. Piper, Asst. Gen. Counsel, Interstate Commerce Commission, Washington, D. C., for Interstate Commerce Commission.

Kretsinger & Kretsinger, by Tom B. Kretsinger, Thomas J. Cox, Jr., Kansas City, Mo., for intervening defendants.

Before RIDGE, Circuit Judge, GIBSON, Chief Judge, and BECKER, District Judge.

BECKER, District Judge.

This is a proceeding brought by J. B. Acton, Inc. (hereinafter referred to as Acton) under Title 28 U.S.C.A. §§ 1336, 2284 and 2321 to 2325, to restrain, annul, enjoin and set aside an order of the Interstate Commerce Commission (hereinafter referred to as the Commission) dated April 3, 1962, entered in Docket No. MC–C–2985, J. B. ACTON, INC., Investigation and Revocation, 89 M.C.C. 59.

This case came on for final hearing before a duly designated three-judge District Court. The Court has jurisdiction to decide the case. Title 28 U.S.C.A. §§ 1336, 2284 and 2325. The complete record before the Commission was introduced into evidence. The cause was orally argued by counsel, written briefs were filed and the case was submitted.

Acton holds corrected certificate of convenience and necessity MC–80847 (Sub-No. 2), authorizing it to transport over irregular routes "Oil-field equipment, machinery, and materials" between points in Kansas, Oklahoma, Texas, New Mexico, Arkansas and Louisiana.

The corrected certificate and the rights thereunder stem from Docket No. MC–

4684 assigned to "grandfather" operations under the Motor Carrier Act of 1935 (now Part II of the Interstate Commerce Act) by S. R. Hazelrigg. These rights were subsequently transferred to J. B. Acton individually by Division 4 of the Commission pursuant to proceedings in Docket No. MC–F–4394, January 31, 1950. Docket No. MC–80847 (Sub-No. 2) was assigned to cover the rights acquired by J. B. Acton individually. Pursuant to an order in Docket No. MC–FC–58586, December 27, 1955, the operating rights were transferred to Acton the plaintiff herein.

On April 19, 1960, the Commission, Division 1, on its own motion and pursuant to Section 204(c) and 212(a) of the Interstate Commerce Act (hereinafter referred to as the Act), 49 U.S.C.A. §§ 304(c) and 312(a), instituted an investigation to determine whether Acton " * * * is and has been transporting various commodities not authorized by * * * [its certificate] * * * in violation of Section 206(a) of said Act * * *," with a view to the entry, if unauthorized operations were found to have occurred and were found to be willful, of an appropriate order suspending for a stated period in whole or in part, the corrected certificate issued to Acton.

A hearing was held before a hearing examiner on March 13, 1961. The parties appeared and introduced evidence. The hearing examiner filed a report finding that Acton was and had been operating in excess of and beyond the terms of its certificate in violation of Section 206 (a) of the Act; that the conduct of said unlawful operations appeared to have been, and to be, willful, but yet not such as to warrant or require suspension or revocation of Acton's certificate. The examiner recommended an order requiring Acton to cease and desist from the operations found to be unlawful. Exceptions to the order recommended by the examiner were filed by Acton and by the Bureau of Inquiry and Compliance, Interstate Commerce Commission. The re-

port of the Commission, Division 1, entered April 3, 1962, was as follows:

"We find that the certificate heretofore granted to respondent in No. MC–80847 (Sub-No. 2), for the transportation of 'oil-field equipment, machinery, and materials,' authorizes the transportation (1) of oil-field equipment, (2) of oil-field machinery, and (3) of oil-field materials; and that this operating authority is limited to such equipment, machinery, and materials, as are either commonly limited in their use to the oil-field industry or are clearly identifiable as being intended for use by the oil-field industry.

"We further find that respondent is and has been engaged in the transportation of commodities other than those specified in the preceding paragraph; that such operation is and has been in violation of section 206(a) of the Interstate Commerce Act, is unlawful, and should be discontinued; that these unlawful operations were conducted wilfully; and that an order should be entered requiring respondent to cease and desist forthwith, and thereafter to refrain and abstain from such operations unless and until appropriate authority therefor has been obtained."

An order in accordance with these findings was entered by the Commission.

In its complaint Acton alleges that the order of the Commission is unreasonable, arbitrary, capricious, unlawful and an abuse of discretion as well as in excess of statutory authority. In substance Acton's basic claims are the following: the order of the Commission is predicated upon the Commission's substitution without justification of its ideas of grammatical construction for the well established and recognized rules of grammatical construction (otherwise stated, the substitution by the Commission of its conception of the meaning of simple, precise and intelligible language for the commonly accepted and recognized use

and meaning thereof) ; the Commission's order does not include an adequate statement of findings; the Commission's findings are not supported by any evidence whatsoever.

The function of a three-judge district court in a suit to enjoin the enforcement of a Commission order is limited to ascertaining whether or not there is warrant in the law and the facts for what the Commission has done. Unless specific and prejudicial departure from the requirements of the law or abuse of discretion is shown, the reviewing court is without authority to intervene and substitute its judgment upon the issues committed to the determination of the Commission. United States v. Pierce Auto Freight Lines, 327 U.S. 515, l. c. 535–536, 66 S.Ct. 687, 90 L.Ed. 821; Rochester Tel. Corp. v. United States, 307 U.S. 125, l. c. 138–140, 59 S.Ct. 754, 83 L.Ed. 1147; Mississippi Valley Barge Line Co. v. United States, 292 U.S. 282, l. c. 286–287, 54 S.Ct. 692, 78 L.Ed. 1260; I. C. C. v. Union Pac R. R. Co., 222 U.S. 541, l. c. 547–548, 32 S.Ct 108, 56 L.Ed. 308. As stated in Mississippi Valley Barge Line, supra, 292 U.S. at 286–287, 54 S.Ct. at 694, 78 L.Ed. 1260, "The judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body."

The major claim of error by Acton is that the Commission's finding is predicated upon a patently perverse misconstruction of the "simple, precise and intelligible" meaning of the language "Oil-field equipment, machinery, and materials."

To support its claim in this respect plaintiff Acton relies upon the testimony of two professors engaged in teaching English that in their opinion the adjective "Oil-field" in the language in question modifies, and therefore limits, only the noun "equipment" and in no wise modifies or limits the nouns "machinery" and "materials." The findings and order under review were contrary to that testimony. However these opinions were not binding on the Commission. Ace Lines, Inc. v. United States (S.D.Iowa), 197 F.Supp. 591, l. c. 596; see also Loving v. United States (W.D.Okla.), 32 F. Supp. 464, l. c. 467, aff'd, 310 U.S. 609, 60 S.Ct. 898, 84 L.Ed. 1387, and cases therein cited. Therefore, no relief can be granted Acton because of the Commission's failure to follow the opinions of the two professors.

Plaintiff Acton further seeks to attach some critical significance to the lack of continuity in the underlining of that language of the certificate now in question. The broken underlining in question is contrasted by Acton with unbroken underlining as in the following hypothetical language: "Oil-field equipment, machinery and supplies." Plaintiff concedes that in the foregoing hypothetical language "oil-field" modifies each of the following nouns.

The contention is that the broken underlining in the case at bar is not continuous and therefore "oil-field" modifies only the first noun, "equipment." Plaintiff cites Pierce Auto Freight Lines, Inc. v. Converse, 54 M.C.C. 447, l. c. 451, in support of this contention. The Court does not regard the lack of continuity in the underlining as demonstrative of the correctness of plaintiff's claim. Neither of plaintiff's expert witnesses regarded the lack of continuity as significant. (Diebolt, Tr. 115; Hilty, Tr. 76). No general inflexible rule of construction exists which would make the nature of the underlining determinative of this case, though of course it should be considered along with all other indicia of construction as it has been in this case.

The Commission has an expertise of its own in interpreting the language of certificates of convenience and necessity to determine the scope of the transportation operations authorized thereby. The "cumulative experience" of the Commission

> "begets understanding and insight by which judgments not objectively demonstrable are validated or qualified or invalidated. The constant

process of trial and error, on a wider and fuller scale than a single adversary litigation permits, differentiates perhaps more than anything else the administrative from the judicial process." National Labor Relations Board v. Seven-Up Co., 344 U.S. 344, l. c. 349, 73 S.Ct. 287, l. c. 290, 97 L.Ed. 377.

█ Since as written the language in question is patently ambiguous and susceptible of varying constructions, this Court should not substitute another construction for that of the Commission.

In the words of Mr. Justice Holmes in Towne v. Eisner, 245 U.S. 418, l. c. 425, 38 S.Ct. 158, l. c. 159, 62 L.Ed. 372,

"A word is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used."

Also applicable is the thought embodied in the language of Mr. Justice Frankfurter in United States v. Rabinowitz, 339 U.S. 56, l. c. 69–70, 70 S.Ct. 430, l. c. 436, 94 L.Ed. 653 (dissenting opinion):

"These words are not just a literary composition. They are not to be read as they might be read by a man who knows English but has no knowledge of the history that gave rise to the words. * * * Words must be read with the gloss of the experience of those who framed them."

In the light of these principles, it cannot be said that the interpretation of the Commission, arrived at through the application of its "cumulative expertise," is not a permissible one.

The lack of logic inherent in the construction urged by Acton was aptly demonstrated by the following excerpt from page 6 of the Commission's report:

"Thus, 'materials,' when translated into transportation parlance, is roughly tantamount to 'general commodities,' which description approximates the scope of Acton's admitted operations under its 'materials' authority. Accepting respondent's

construction, one reaches a patently absurd result, i. e., that in the certificate in question the Commission authorized the transportation of:

(1) materials, i. e., general commodities, apparently without the usual exceptions; plus

(2) machinery of all kinds (a superfluous grant in view of (1) above); together with

(3) oil-field equipment (likewise superfluous when combined with (1) and (2) above) * * *."

In accord with the conclusion in this case is Pierce Auto Freight Lines, Inc. v. Converse, 54 M.C.C. 447, aff'd, Converse v. United States (N.D.Cal.), 109 F.Supp. 807, wherein a similar question was decided contrary to the testimony of experts on language. As was noted in Converse v. United States, supra, if the plaintiff should prevail, then under the general class of machinery and materials (which in the unlimited sense covers nearly everything) plaintiff could usurp the right to transport practically all material things of every nature in the territory covered by its certificate to the impairment of every permit heretofore granted in said territory.

Further there has been no showing by the plaintiff that the original "grandfather" permit at the time of issuance was interpreted by the holder thereof to allow hauling of anything other than oil-field equipment, oil-field machinery and oil-field materials. There was no showing of any history of transportation of machinery and materials other than oil-field equipment, oil-field machinery, and oil-field materials under the "grandfather" permit. If the history had clearly demonstrated that the "grandfather" permit covered machinery and materials generally, the decision might be different; however no such history appears in the record.

The primary responsibility for interpreting certificates and determining what items fall within a commodity description contained therein rests with the

Commission. The Commission has exercised that responsibility, delineated the scope of Acton's operating authority, found that Acton had been and was willfully transporting commodities not authorized by its certificate, and issued its order to cease and desist.

We conclude that there was a rational factual and legal basis for the Commission's order; that the order is not clearly erroneous, not capricious, arbitrary or the result of any abuse of discretion on the part of the Commission; that there is a substantial basis for the order.

This memorandum opinion shall constitute the Court's findings of facts and conclusions of law.