**U. S. A. C. TRANSPORT, INC., Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants,**

and

**Baggett Transportation Company, Dealers Transit, Inc., and Munitions Carriers Conference, Intervenors.**

**Civ. A. No. 2509.**

United States District Court
D. Delaware,
at Wilmington.

June 24, 1964.

H. James Conaway, Jr., Morford, Young & Conaway, Wilmington, Del., and Paul F. Sullivan and James K. Knudson, Washington, D. C., for plaintiff.

Stanley C. Lowicki, Asst. U. S. Atty., Wilmington, Del., for the United States, defendant.

Betty Jo Christian, Washington, D. C., for The Interstate Commerce Commission, defendant.

N. Maxson Terry, Dover, Del., Robert E. Joyner, Wrape & Hernly, Memphis, Tenn., and William T. Croft, Washington, D. C., for intervening defendants.

Before BIGGS, Circuit Judge, and WRIGHT and LEAHY, District Judges.

LEAHY, District Judge.

This is a suit [1] to review orders of the Interstate Commerce Commission interpreting the scope of the operating authority held by plaintiff. The Commission held in Dealers Transit, Inc., Extension—Missiles, 86 M.C.C. 327, and Baggett Transportation Co., Extension—Redstone Arsenal, 88 M.C.C. 3, that plaintiff's certificate authorizing the transportation of "aircraft * * * and aircraft parts, restricted to parts requiring special equipment or handling by reason of size, weight, or fragile character", does not authorize the transportation of missiles and missile parts. Plaintiff also seeks a plenary hearing before the Commission to determine the issue of whether or not its certificate includes authority to transport missiles and missile parts. Pursuant to a temporary restraining order issued by this Court, the effective date of the ICC's orders was postponed pending completion of this review proceeding. Thereafter, a three-judge court was designated under 28 U.S.C. § 2284 as required by 28 U.S.C. § 2325.[2]

Dealers Transit, supra, involved applications by a number of motor carriers, including plaintiff, for authority to transport missiles, space vehicles, space satellites and parts thereof, and related items. One of these motor carriers was Leonard Bros. Transfer and Storage Co., Inc. At the consolidated hearing, plaintiff moved to dismiss its application on

---

1. Under 28 U.S.C. §§ 1336, 1398, 2284 and 2321–2325.

2. A hearing and argument were had on August 21, 1963 before Circuit Judge Biggs, District Judge Wright and District Judge Rodney. Prior to the determination of the case, Judge Rodney died. Hearing and argument, *de novo*, were had before a newly constituted tribunal on March 25, 1964, District Judge Leahy having replaced Judge Rodney as a member of the three-judge court.

the ground its certificate authorizes transportation of commodities sought by its application. Leonard Bros. Transfer and Storage Co., Inc. made a similar motion.

The hearing examiner found that plaintiff possessed authority under its certificate to transport "the missile itself", but that it does not hold authority to transport the accompanying parts except to the extent they require special equipment. The hearing examiner found that no applicant possessed the authority to perform all the required service and recommended that Leonard Bros. Transfer and Storage Co., Inc.'s authority be extended to permit it to transport missiles and missile parts and that the other applicants be found not to have such authority under their certificates. The ICC accepted the examiner's recommendation with regard to granting Leonard's application and denying others but held:

"We see no point in extending the ordinary meaning of the word 'airplane' or 'aircraft' so as to hold that a missile is either, and thus we conclude that neither Leonard nor U.S. A.C. hold a part or all of the required authority."

Plaintiff's petition for further hearing on the interpretation issue was denied. We should point out that plaintiff does not attack the grant of authority by the ICC to Leonard.

Complaint proceedings were instituted against plaintiff in Baggett, supra, on the ground it was transporting jet thrust units used in missiles without authority. The hearing examiners found "aircraft" includes missiles. Division 1 of the Commission, citing Dealers Transit, reversed the examiners' finding. The ICC, en banc, denied reconsideration of the Division 1 report and order.

Plaintiff's contentions in substance are two: (1) The ICC's interpretation of its certificate has no rational basis; and

(2) it has been denied a plenary hearing on the interpretation issue.

1. *Rational basis of ICC's finding.* Unless clearly erroneous, the ICC's interpretation of a certificate of its own creation is binding on the courts.[3] However, plaintiff contends the action of the ICC, in interpreting its certificate, amounts to modification in violation of 49 U.S.C. § 312(a). That restrictions placed upon modification may not be by-passed under guise of interpretation is well established. However, as stated in Andrew G. Nelson, Inc. v. United States, 355 U.S. 554, 558–559, 78 S.Ct. 496, 499, 2 L.Ed.2d 484 (footnote 4):

"Commission interpretation of the meaning of a permit, being simply a definitive declaration of what rights existed from the very beginning under the permit, cannot be equated with modification, however, unless found to be clearly erroneous."

Plaintiff contends the ICC's interpretation is clearly erroneous since it is contrary to the weight of evidence. True, the ICC's finding is contrary to uncontradicted expert testimony as to the meaning the disputed terms have in industry. However, it is within the discretionary power of the Commission to determine the weight to be accorded testimony of witnesses.[4] Moreover, evidence of industry usage lost its significance when the Commission, exercising expertise in matters of transportation, concluded no good reason was advanced why ordinary meaning of words should be varied for transportation purposes. Determination of whether words are used in accordance with ordinary or industry meaning involves exercise of administrative judgment. Any reasonable standard may be utilized since no criteria with which the Commission must comply in interpreting certificates of its own creation is set forth in the Interstate Com-

3. See cases cited in Roadway Express, Inc. v. United States, D.C.Del., 213 F. Supp. 868, 873, aff'd 375 U.S. 12, 84 S. Ct. 53, 11 L.Ed.2d 38.

4. J. B. Acton, Inc. v. United States, W.D. Mo., 221 F.Supp. 174, aff'd 376 U.S. 779, 84 S.Ct. 1133, 12 L.Ed.2d 83.

merce Act.[5] Examination of the record convinces us the ICC's decision to use ordinary meaning and its determination as to the meaning the terms have in ordinary usage are sustainable on the reasoning contained in its report.[6] That some missiles may possess characteristics associated with aircraft is without significance since the ICC based its findings on ordinary understanding rather than scientific distinctions.[7]

■■ The ICC erred, according to plaintiff, in construing its authority contrary: (1) to examiners' recommendations; (2) to an informal ruling; and, (3) to a formal ruling in Leonard Bros. Transfer and Storage Co., Inc., Extension-Airplane Parts, No. M.C.–19227 (Sub. No. 49). That the ICC is not required to accept examiners' recommendations[8] nor informal opinions expressed by one of its employees[9] has long been recognized. Leonard involved an application to transport crated airplane parts and crated airplane supplies, machinery and equipment. Plaintiff contends its right to transport missiles was recognized by virtue of Leonard's application having been denied. Although denial

of Leonard's application was based in part upon existence of plaintiff's authority, we are not convinced plaintiff's right to transport missiles was recognized in view of its certificate not being in issue and missile traffic being a minor consideration in the case. Moreover, the ICC, being an administrative body, is not bound by stare decisis and inconsistency in its decisions does not in and of itself render them unreasonable.

■ The ICC's consideration of intended meaning of the terms in plaintiff's certificate was not clearly erroneous notwithstanding absence of patent ambiguity in the commodity description. The record indicates the ICC's ultimate decision was based upon an independent interpretation of the words and subsequent reference to intent was only to strengthen the Commission's conclusion.[10]

■■ Nor do we believe the ICC abused its discretion in not giving industry transition from airplanes to missiles controlling weight and in not applying the "field of service" doctrine. It is not an unusual practice of the ICC to authorize carriage of something less than

5. Plaintiff, citing Nelson, supra, argues plain or ordinary meanings of words in a commodity description will not be resorted to if there is any indication of specialized usage in trade. Whether plaintiff's interpretation of principles set forth in that case is accurate need not be decided since we find the term "aircraft" is not a word of art having a definite meaning.

6. Webster's New International Dictionary, Unabridged (2nd Ed.), defines the words "aircraft" and "missile" in the same general terms as were employed by the ICC in its discussion of the differences between the two.

7. Dunn v. Lahotski, 62 M.C.C. 103, 63 M.C.C. 517, 66 M.C.C. 255, involved the question whether television sets and parts are within the commodity description "radios and parts thereof." Responding to arguments similar to those made here, the ICC said (63 M.C.C. 520):
"While some evidence of industry usage was presented by defendants, this evidence does not convince us that television sets and radio sets are considered

to be like articles in the industry despite the fact that both are made largely from the same parts. The fact remains that many different and vital parts are used in the manufacture of a television set than in a radio set, and that the completed television set produces both sound and picture effects whereas a radio set produces only sound. These differences are matters of common knowledge with which we are personally familiar, and which, therefore, strengthen us in our conclusion that television sets are different from radio sets."

8. E.g., W. J. Dillner Transfer Co. v. Interstate Commerce Commission, W.D. Pa., 193 F.Supp. 823, 828, aff'd 368 U.S. 6, 82 S.Ct. 16, 7 L.Ed.2d 16.

9. E.g., Thompson v. Texas-Mexican R. Co., 328 U.S. 134, 146, 66 S.Ct. 937, 90 L.Ed. 1132.

10. See Sims Motor Transport Lines, Inc. v. United States, N.D.Ill., 183 F.Supp. 113, 117, aff'd 362 U.S. 637, 80 S.Ct. 1076, 4 L.Ed.2d 1019.

entire output of an industry.[11] The definition of "missile" not having been in issue, it was not unreasonable for the ICC not to define that term. Whether missiles and missile parts are included in the commodity description "aircraft * * * and aircraft parts" was the precise question before the Commission. If plaintiff in good faith believes a particular commodity is an aircraft rather than a missile, it may carry the commodity until advised to the contrary. If in doubt, plaintiff may apply to the ICC for an opinion.

 Since we conclude the ICC's interpretation of the commodity description in plaintiff's certificate is not clearly erroneous, the interpretation is but a definitive declaration of what rights plaintiff had from the beginning and in no way constitutes modification.

 2. *Plenary Hearing.* We do not reach the constitutional question whether a hearing is required in "interpretation" as opposed to "modification" proceedings, for we find plaintiff was in fact accorded a full and fair hearing. The procedure utilized by plaintiff in Dealers Transit, i. e., filing an application coupled with a motion to dismiss on the ground its certificate authorizes transportation of missiles and missile parts, is a method of obtaining in a plenary proceeding interpretation of operating authority.[12] The hearing examiner's failure to render an express ruling on the motion is without legal significance, since the ruling was implicit

in its finding for plaintiff on the interpretation issue.

 Although the particular commodity described in Dealers Transit was the Atlas missile, the ICC did not err in concluding plaintiff could not "generally" transport missiles. Examination of the record demonstrates all parties from commencement of proceedings recognized the Commission would determine the broad issue of whether "aircraft" includes missiles.

 The ICC's conclusion " * * * no sufficient cause appears for reopening the (Dealers Transit) proceedings for reconsideration, oral argument, or further hearing" was not an abuse of discretion. Plaintiff presented no satisfactory explanation for its failure to adduce "additional evidence" of technological similarities between missiles and aircraft at the original hearing. Moreover, it is not probable additional evidence of technological matters would have affected the ultimate decision since the ICC decided the words in the commodity description were used in accordance with their ordinary meaning.

 The ICC's reliance upon its prior interpretative ruling in Dealers Transit in deciding Baggett was not improper, since the prior ruling is not lacking in rational basis and was rendered in a full and fair hearing.

 The permanent injunction sought by plaintiff will be denied, the temporary restraining order entered by

---

11. Rejecting similar arguments in Lahotski, supra, the ICC gave these cogent reasons:

"The commodity description 'radios and parts thereof' is specific in character. Neither the fact that a large percentage of the parts of a radio are interchangeable with a television set nor the fact that a radio may be a component part of a television set justifies defendants' contention. Furthermore the fact that radios and televisions are produced by the same industry is likewise not determinative, because it is normal for the same industry to manufacture or assemble its finished products from the same general line of materials and parts.

In our opinion, and we consider it to be rather patent, that a radio set is substantially different from a television set and that authority to transport the former does not include the latter."

As in Lahotski, plaintiff's commodity description is in terms of specific products rather than in terms of commodities produced by a particular industry.

12. Roadway Express, Inc., note 3. Parkhill Truck Co. v. United States, N.D. Okl., 198 F.Supp. 362, 365 (footnote 6), the sole case relied upon by plaintiff on the plenary hearing issue, also recognizes a motion to dismiss as a form of bringing the issue of interpretation before the ICC.

this Court vacated, and the complaint dismissed. This Court under the circumstances at bar may review the action of the Commission only on the record which was before the Commission. It follows that the motion of the intervening defendants to strike the affidavits appended to plaintiff's original complaint will be granted.

The plaintiff's prayers will be denied.

Appropriate orders may be submitted.