**WHITEHOUSE TRUCKING, INC., a Michigan corporation, Plaintiff,**

v.

**The UNITED STATES of America,**

**and**

**the Interstate Commerce Commission, Defendants.**

**No. C 66–45.**

United States District Court
N. D. Ohio, W. D.
Oct. 27, 1966.

**10**

———◆———

Robert P. Mone, George, Greek, King & McMahon, Columbus, Ohio, Robert W. Loser, Indianapolis, Ind., for Whitehouse Trucking, Inc.

John W. Mills, Cleveland, Ohio, for Republic Steel Corporation.

Arthur R. Cline, Toledo, Ohio, for Macomber Inc.

R. S. Trigg, Lancaster, Pa., Arthur R. Cline, Toledo, Ohio, for Armstrong Cork Co.

Franklin G. Allen, Chicago, Ill., Arthur R. Cline, Toledo, Ohio, for Fenestra Inc.

Edwin M. Zimmerman, Acting Asst. Atty. Gen., John H. D. Wigger, Department of Justice, Washington, D. C., Merle M. McCurdy, U. S. Atty., Cleveland, Ohio, John G. Mattimoe, Asst. U. S. Atty., Toledo, Ohio, for the United States.

Robert W. Ginnane, Gen. Counsel, Nahum Litt, John E. Faulk, I. C. C., Washington, D. C., for the I. C. C.

Robert A. Sullivan, Frank J. Kerwin, Jr., Detroit, Mich., for Darling Freight, Inc., R. W. Express, Inc., Ringle Express, Inc., Michigan Transportation Co., Severson Transport, Inc., Wenham Transportation, Inc., St. Louis Freight Lines, Inc., B. & L. Motor Freight, Inc., Graff Trucking Co., Inc., Midwest Emery Freight Systems, Inc., Sentle Trucking Co., Joyce Trucking Co., Direct Transit Lines, Inc., and Melton Truck Lines, Inc.

James E. Wilson, Edward G. Villalon, Bruce E. Mitchell, McInnis, Wilson, Munson & Woods, Washington, D. C., Wendland V. Cruey, Toledo, Ohio, for Hennis Freight Lines, Inc.

OPINION

Before CELEBREZZE, Circuit Judge, YOUNG, District Judge, and KLOEB, Senior District Judge.

PER CURIAM.

Plaintiff, Whitehouse Trucking Company, filed this action to set aside an order of the Interstate Commerce Commission requiring it to cease and desist from transporting certain commodities found not to be authorized by the Certificate of Public Convenience and Necessity which plaintiff acquired by purchase in 1962. Several plaintiffs and defendants have been permitted to intervene and present arguments.

In 1964 the Commission, pursuant to 49 U.S.C. 304(c) and 49 U.S.C. 312(a), on its own motion instituted an investigation to determine if plaintiff was operating outside the scope of its authority. The proceeding concerned the proper interpretation of the certificate (Sub. No. 45) which allowed the transportation of the following:

Prefabricated houses and buildings;

Prefabricated house and building sections;

Prefabricated house and building panels, with parts and accessories.

The Commission's hearing examiner decided in favor of the plaintiff's contention that the certificate allows the transportation of prefabricated houses and buildings as well as prefabricated house and building sections and panels, parts and accessories regardless of whether they are intended for use in prefabricated buildings.

The Commission reversed the hearing examiner's recommendation finding that prefabricated sections and panels can be transported only if they are intended for use in a prefabricated house or building; and parts and accessories, only if intended for use in prefabricated houses and buildings or in prefabricated house and building sections and panels. In so doing, the Commission stated that the items to be transported are to be identified in terms of their intended use. Whitehouse was therefore ordered to cease and desist from transporting certain goods not authorized by the certificate as construed. 99 M.C.C. 621 (1965).

Plaintiff's first argument is that the Commission's order is arbitrary and unreasonable, and should therefore be set aside.

 The interpretation of the commodities authorized to be transported by a certificate is left largely to the discretion of the Commission, and its construction is controlling unless clearly erroneous, arbitrary, an abuse of discretion or in contravention of some established principle of law. Andrew G. Nelson, Inc. v. United States, 355 U.S. 554, 78 S.Ct. 496, 2 L.Ed.2d 484 (1958); Malone Freight Lines, Inc. v. United States, 107 F.Supp. 946 (N.D.Ala.1952). We have carefully examined the pleadings, briefs and oral argument of all the parties in this case, as well as the opinion of the Commission and cannot say that the findings of the Commission are clearly erroneous. The Supreme Court has clearly stated that the Commission may adopt the intended use test, Andrew G. Nelson, Inc. v. United States, supra, and the validity of the test is no longer open to question. See e. g., W. T. Mayfield Sons Trucking Co. v. United States, 234 F. Supp. 655 (N.D.Ga.1964); Mitchell Bros. Truck Lines v. United States, 225 F. Supp. 755 (D.C.Or.1963). Furthermore, the manner in which the intended use test was applied by the Commission in this case was not an abuse of discretion.

 The fact that the Commission construed the certificate differently from the plaintiff's language experts is not controlling. The Commission need not agree with language experts because it *also* has an expertise in interpreting the language contained in certificates of Public Convenience and Necessity. This expertise is formidable and cannot be lightly regarded by the reviewing courts. J. B. Acton, Inc. v. United States, 221 F. Supp. 174 (W.D.Mo.1963).

Plaintiff also contends that the Commission has made prior administrative determinations that Whitehouse is authorized to transport the disputed items, and that it is bound by such determinations herein.

One branch of this argument relates to the effect to be given to the Commission's approval after a formal hearing of the purchase of the certificate by Whitehouse from Commercial Carriers. In order to obtain approval of the purchase it was necessary to show that the vendor had been conducting lawful operations. It is claimed that some of the items shown to have been transported by the vendor would not be authorized by the present interpretation of the permit. However, the Commission in the present case stated that the operation of plaintiff's predecessor consisted of the shipment of prefabricated houses or buildings and component parts thereof. We find no basis for refusing to accept this finding as true. This being the case, there is no inconsistency between the purchase case and the present interpretation of the certificate.

 It is also contended that the Commission is bound by several other prior administrative rulings. In those cases, grants of authority to other applicants were protested and denied allegedly on the basis that authority to transport certain items not intended for use in prefabicated buildings had already been granted under Sub–No. 45. Even if this were true, the Commission is not bound. In the prior cases, this certificate was not specifically in issue. The I.C.C. is not bound by *stare decisis* and inconsistency in itself is not necessarily unreasonable. U. S. A. C. Transport, Inc. v. United States, 235 F.Supp. 689 (D.Del. 1964). Furthermore these cases were determined by examiners. The Commission is not bound by the factual determinations of its examiners and has all the powers which it would have in making the initial decision. Administrative Procedure Act, 5 U.S.C. § 1007(a).

There being no error in the decision of the Commission, the plaintiff's prayer will be denied and the temporary restraining order by this Court will be vacated.