**ALTER TRUCKING AND TERMINAL CORPORATION, a Corporation, Plaintiff,**
and
**Alter Company, Intervening Plaintiff,**
v.
**UNITED STATES of America and Interstate Commerce Commission, Defendants,**
and
**Intervening Railroads.**
**Civ. No. 3–787–D.**

United States District Court
S. D. Iowa,
Davenport Division.
May 21, 1969.

Larned A. Waterman, Davenport, Iowa, Eugene D. Anderson and Cyrus Mead III, Chicago, Ill., for plaintiff Alter Trucking & Terminal Corp.

Margaret Stevenson, Davenport, Iowa, for intervening plaintiff Alter Co.

Edwin M. Zimmerman, Asst. Atty. Gen., John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., and Allen L. Donielson, U. S. Atty., Des Moines, Iowa, for United States.

Robert W. Ginnane, Gen. Counsel, and Manny H. Smith, Atty., I.C.C., Washington, D. C., for Interstate Commerce Commission.

Richard M. McMahon, Davenport, Iowa, and J. D. Feeney, Chicago, Ill., for intervening railroads.

## MEMORANDUM OPINION

Before VAN OOSTERHOUT, Circuit Judge, and STEPHENSON and HANSON, District Judges.

STEPHENSON, District Judge.

This is an action to enjoin, annul, and set aside a decision and order of the Interstate Commerce Commission, Review Board Number 2, entered December 15, 1967, Docket No. MC–126045 (Sub. No. 2), Alter Trucking and Terminal Corporation Extension—Scrap Metals, Machinery, and Supplies, 107 M.C.C. 644, denying the application of Alter Trucking and Terminal Corporation, plaintiff herein, for a motor common carrier certificate. This action was brought pursuant to §§ 1336, 1398, 2284, and 2321 to 2325, inclusive, of Title 28, United States Code, §§ 701 to 706, inclusive, of Title 5, United States Code, and § 17(9) of Title 49, United States Code, which give this Court jurisdiction. A three-judge court was designated by the Chief

Judge of the United States Court of Appeals for the Eighth Circuit to hear this action, pursuant to 28 U.S.C. § 2284.

On the motion of the plaintiff, hereinafter referred to as Alter Trucking, and after hearing thereon, a temporary restraining order was entered July 3, 1968, restraining the Commission from cancelling the temporary authority previously granted pursuant to 49 U.S.C. Section 310a(a) pending final decision by this Court. Various parties have been allowed to intervene after appropriate motion. Alter Company, a supporting shipper in the Commission proceeding, has been permitted to intervene on behalf of the plaintiff, Alter Trucking. A number of railroads, which were protestants in the Commission proceeding, have intervened as defendants herein.[1] A schedule for filing briefs was arranged by stipulation of the parties, and after all briefs were filed, this matter came on for final hearing before the designated three-judge panel on March 5, 1969.

Alter Trucking initiated the proceeding before the Interstate Commerce Commission on September 16, 1965, by filing an application seeking a certificate of public convenience and necessity which would authorize transportation over irregular routes as a common carrier by motor vehicle, in interstate or foreign commerce, of scrap iron or steel and scrap metals and machinery and supplies which were used in the preparation of scrap metals, between certain cities,[2] on the one hand, and, on the other, points in 19 states.[3] On October 12, 1965, Alter Trucking was granted temporary authority under 49 U.S.C. § 310a(a), coextensive with the authority sought in the application. Thereafter, a hearing was held before an Examiner of the Commission on October 3 and 4, 1966, and his report and order rendered on September 6, 1967. The Examiner recommended that Alter Trucking be granted a portion of the authority it sought.[4] Exceptions thereto were filed by numerous protestants, as well as by Alter Trucking.

In his report the Examiner concluded that Alter Trucking and Alter Company, the principal supporting shipper, were not under common control, despite evidence of overlapping ownership of Alter Trucking and Alter Company by two persons, Frank Alter and his son-in-law, Bernard Goldstein, and that Alter Trucking was fit to perform as a common carrier. The Commission, Review Board Number 2, disagreed with this conclusion of the Examiner. The Commission found as follows:

"Although applicant and Alter Company are separate corporations, without a parent holding company, we cannot overlook the fact that Alter and Goldstein are the principal, if not the sole, stockholders of both corporations and that the same two are directors or officers of both companies. Added to this common ownership is their familial relationship. The fact that each

1. The Atchison, Topeka and Santa Fe Railway Company; Chicago and North Western Railway Company; Chicago, Burlington and Quincy Railroad Company; Chicago, Milwaukee, St. Paul and Pacific Railroad Company; Chicago, Rock Island and Pacific Railroad Company; Illinois Central Railroad Company; The St. Louis-San Francisco Railway Company; and Union Pacific Railroad Company.

2. Minneapolis and St. Paul, Minn., La Crosse, Wisc., Waterloo, Davenport, and Council Bluffs, Iowa, Omaha, Nebr., Moline, Rock Island, and Quincy, Ill., and La Grange, Mo.

3. Arkansas, Colorado, Illinois, Indiana, Iowa, Kansas, Kentucky, Michigan, Minnesota, Missouri, Nebraska, North Dakota, Ohio, Oklahoma, Pennsylvania, South Dakota, Tennessee, West Virginia, and Wisconsin.

4. The Examiner recommended a grant of authority to transport (1) scrap iron or steel between the cities listed in n. 2, *supra*, on the one hand, and, on the other, points in Illinois, Iowa, Minnesota, Missouri, Nebraska, and Wisconsin, and (2) machinery and supplies used in the preparation of scrap metals between the cities named in (1), on the one hand, and, on the other, points in Illinois, Iowa, Missouri, Nebraska, and Wisconsin.

owns a majority share in one corporation or the other is not significant. Together, Alter and Goldstein completely control both corporations and we conclude that common control exists." 107 M.C.C. 649.

The Commission concluded that because favoritism or discrimination might result from this common control relationship, Alter Trucking had failed to establish its fitness to operate as a motor common carrier which would serve all shippers on an impartial basis.[5] The application, therefore, was denied. This denial was affirmed on April 9, 1968, by the Interstate Commerce Commission, Division 1, acting as an Appellate Division. On June 20, 1968, Alter Trucking instituted this action to review the findings and conclusions of the Commission.

The scope of such review by this Court is governed by the Administrative Procedure Act, 5 U.S.C. § 706.[6] In addition, this Court must be guided by the well established principles applicable to the review of an administrative agency order. An order of the Commission is presumed valid. The party attacking it has the burden of showing invalidity. Interstate Commerce Commission v. Jersey City, 322 U.S. 503, 64 S.Ct. 1129, 88 L.Ed. 1420 (1944); Baltimore & Ohio R. R. v. United States, 298 U.S. 349, 56 S.Ct. 797, 80 L.Ed. 1209 (1936). The Commission alone is authorized to make findings of fact, to draw legitimate inferences therefrom, and to evaluate and determine the weight to be given evidence. United States v. Pan-American Petroleum Corp., 304 U.S. 156, 158, 58

S.Ct. 771, 82 L.Ed. 1262 (1938); United States v. Chicago Heights Trucking Co., 310 U.S. 344, 352–353, 60 S.Ct. 931, 84 L.Ed. 1243 (1940). It is not within the province of this Court to substitute its judgment for that of the Commission, and it is necessary for us only to determine whether or not the findings of the Commission are supported by substantial evidence and are arrived at by proper application of the relevant legal standards. United States v. Pierce Auto Freight Lines, Inc., 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821 (1946); Kroblin Refrigerated Xpress, Inc. v. United States, 197 F.Supp. 39, 47 (N.D.Iowa 1961).

It is the contention of Alter Trucking that the denial of its application should be reversed because the findings and conclusions of the Commission were not supported by substantial evidence and are erroneous as a matter of law. Basic to this contention is the claim of Alter Trucking that the finding of the Commission that common control existed between Alter Trucking and Alter Company is not supported by substantial evidence. Alter Trucking and Alter Company concede only that there is "some evidence of common ownership." This is clearly an understatement of the record. They do not dispute the facts as set out by the Commission, 107 M.C.C. at 647, as follows:

"The stockholders of applicant [Alter Trucking] are Frank Alter and his son-in-law, Bernard Goldstein. Alter Company is also owned by Goldstein and Alter. Alter's holdings in the

---

5. Since the Commission could not make the positive finding of fitness required by 49 U.S.C. § 307 before a certificate of public convenience and necessity can be issued, it did not discuss the issue of whether a public need existed for Alter Trucking's service.

6. The pertinent provisions of § 706 are as follows:

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall * * * (2) hold unlawful and set aside agency action, findings, and conclusions found to be—(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (D) without observance of procedure required by law; (E) unsupported by substantial evidence * * *.

shipper are small, as are Goldstein's holdings in the carrier. The directors of applicant are Alter, Goldstein, who is also its secretary, and George Gano, who manages the motor carrier operation. Goldstein and Alter are also officers or directors of Alter Company. Gano has no interest in the shipper, although he ran the trucking operation [for Alter Company] during its private carriage."

Alter Trucking was the result of a corporate spin-off from Alter Company, and at the time of the hearing before the Examiner much of the equipment utilized by Alter Trucking was owned by Alter Company.[7]

██ It is the position of plaintiffs, Alter Trucking and Alter Company, that, although such evidence indicates common ownership, there is no evidence of common control. The plaintiffs, however, are under the misconception that a finding of common control requires separate or additional evidence to that showing common ownership. While it is true that common ownership alone may not be objectionable, under certain circumstances the evidence relating to common ownership may also substantiate a finding of common control. Frank Alter and his son-in-law, Bernard Goldstein, between them, own the vast majority of stock in both the carrier, Alter Trucking, and the shipper, Alter Company.[8] Further, both men actively exercise their ownership as directors and/or officers of both corporations. It would be anomalous to say on the basis of such facts that these two men do not control both corporations. The conclusion of the Commission in this regard, there-

fore, was clearly supported by substantial evidence.

The only evidence to the contrary was the response of George Gano, president of Alter Trucking, at the hearing that no one directs him in the conduct of the business. The Commission apparently accorded his testimony very little weight. It is within the province of the Commission to evaluate and weigh such evidence, and this Court may not substitute its opinion on such matters. U.S. A.C. Transport, Inc. v. United States, 235 F.Supp. 689, 692 (D.Del.1964), aff'd per curiam, 380 U.S. 450, 85 S.Ct. 1103, 14 L.Ed.2d 151 (1965); Ace Truck Lines, Inc. v. United States, 197 F.Supp. 591, 596 (S.D.Iowa 1960); Transamerican Freight Lines v. United States, 51 F.Supp. 405, 410 (D.Del.1943). Further, under the circumstances of this case, where it is apparent that the decisions of Mr. Gano could at any time be over-ridden by the desires of Mr. Alter and Mr. Goldstein, this Court agrees with the evaluation of his testimony by the Commission. See 107 M.C.C. at 650.

██ It has long been the policy of the Commission to examine closely situations where the carrier and principal supporting shipper are under common control. This is because such situations create "an opportunity for favoritism, discrimination, and unfair competitive practices which is incompatible with common carrier status." Burton Trucking, Inc., Extension-Grain, 94 M.C.C. 790, 791 (1964). See also Super Speed Transport, Inc., Common Carrier Application, 96 M.C.C. 335 (1964); Wooten and Parker Extension-Petroleum, 86 M.C.C. 165 (1961); Pre-Fab Transit Co.,

7. At the time of the hearing before this Court evidence was offered to show that the spin-off was now complete and all equipment transferred to Alter Trucking. Such evidence, however, cannot be considered by this Court. Wycoff v. United States, 240 F.Supp. 304, 308 (D.Utah 1965); Convoy Co. v. United States, 200 F.Supp. 10, 15 (D.Or.1961), aff'd, 382 U.S. 371, 86 S.Ct. 553, 15 L.Ed.2d 426 (1966).

8. The plaintiffs take issue with the emphasis placed upon the "familial" relationship of Frank Alter and Bernard Goldstein, by the Commission. This relationship is clearly a matter to be weighed and considered by the Commission. See, e.g., Homer White, Inc. v. United States, 281 F.Supp. 436, 442 (W. D.N.Y.1968).

Extension-Lumber, 83 M.C.C. 763 (1960); Avondale Trucking Company, Inc., Common Carrier Application, 68 M.C.C. 263 (1956); Quickie Transport Co., Extension-Anhydrous Ammonia, 64 M.C.C. 729 (1955). The Commission has consistently been reluctant to grant common carrier status where such circumstances exist. Where common control between carrier and supporting shipper exists, therefore, the burden then falls upon the carrier to show that "there exists no substantial opportunity for engaging in discriminatory practice despite the existence of this relationship." National Trailer Convoy, Inc., Extension-Initial Movements, 100 M.C.C. 101, 105 (1965).

The Commission in the instant case found that:

"In view of Alter's substantial operations in the commodities involved and the affinity between Alter and the applicant it would be difficult for the carrier to overcome the temptation to show favoritism to Alter and still carry out its common carrier duties to serve all shippers indiscriminately." 107 M.C.C. 650.

On this basis the Commission held that Alter Trucking failed to show its fitness and denied the application.

The determination that a substantial opportunity for discrimination and favoritism exists is a matter peculiarly within the expertise of the Commission. See generally B. D. C. Corporation v. United States, 281 F.Supp. 700, 702–703 (N.D.Ill.1968). After reviewing the entire record herein, this Court can only conclude that such determination in this case was entirely rational, reasonable, and supported by substantial evidence. The various contentions and arguments of plaintiffs Alter Trucking and Alter Company have been duly considered and found to be without merit. The decision of the Commission, therefore, will be affirmed.

This memorandum opinion shall constitute the Court's findings of fact and conclusions of law, as provided by Rule 52(a), Federal Rules of Civil Procedure.

It is ordered that the plaintiffs' complaint be and the same is hereby dismissed and the Order of the Commission is affirmed.

It is further ordered that the restraining order now in effect is hereby vacated.

